*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0210P (6th Cir.)
File Name: 04a0210p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DJON SINISTAJ (02-4026);
DRITA SINISTAJ (02-4027);
MARIJA SINISTAJ (02-4028),
  *Petitioners,*

  *v.*

JOHN ASHCROFT, Attorney
General; IMMIGRATION AND
NATURALIZATION SERVICE,
  *Respondents.*

Nos. 02-4026/
4027/4028

On Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A72 167 971; A72 167 972; A72 167 973.

Argued: April 27, 2004

Decided and Filed: July 7, 2004

Before: MARTIN and ROGERS, Circuit Judges; BELL,
Chief District Judge.[*]

---

[*] The Honorable Robert Holmes Bell, Chief United States District
Judge for the Western District of Michigan, sitting by designation.

---

### COUNSEL

**ARGUED:** Richard A. Kulics, IMMIGRATION LAW
CENTER, Birmingham, Michigan, for Petitioners. Norah
Ascoli Schwarz, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondents. **ON BRIEF:**
Richard A. Kulics, IMMIGRATION LAW CENTER,
Birmingham, Michigan, for Petitioners. Norah Ascoli
Schwarz, Linda S. Wendtland, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondents.

---

### OPINION

---

  BOYCE F. MARTIN, JR., Circuit Judge. Djon Sinistaj
petitions for review of a Board of Immigration Appeals
decision denying his motion "to reopen or reconsider" a prior
decision by the Board. Mr. Sinistaj's wife, Drita, and their
daughter, Marija, are also petitioners in this case, but their
claims are entirely derivative of those of Mr. Sinistaj. For the
reasons that follow, the petition for review is DENIED.

### I.

  Djon, Drita and Marija Sinistaj are ethnic Albanians who
are citizens of Montenegro, a region in what was formerly the
nation of Yugoslavia. The Sinistaj family entered the United
States without inspection on March 31, 1994, and Mr. Sinistaj
eventually filed an application for asylum. Two individuals
allegedly "assisted" in the preparation of this application: Mr.
Prenk Camaj, who apparently also goes by the name "Father
Frank," and Ms. Elizabeth Muntean. According to Mr.
Sinistaj, Mr. Camaj and Ms. Muntean fraudulently "held

themselves out as being qualified to represent aliens before the [Immigration and Naturalization Service] concerning asylum and deportation matters" and erroneously advised him to submit false and inconsistent information to the Service, which he did.

Mr. Sinistaj appeared before an asylum officer on August 31, 1995. He was notified the following month that his application had not been granted and that his case was being referred to an immigration judge. Deportation proceedings commenced soon afterward. On May 16, 1996, Mr. Sinistaj appeared before an immigration judge, represented by Attorney Carl Weidman. He conceded deportability but again requested asylum, as well as withholding of deportation and voluntary departure. On July 3, 1996, with the assistance of Attorney Weideman, Mr. Sinistaj filed a renewed application for asylum. The immigration judge held a hearing that featured primarily Mr. Sinistaj's own testimony. His wife also testified, but the immigration judge noted that Mr. Sinistaj interjected several times in an apparent attempt to channel or direct her testimony—particularly after she began to contradict his testimony concerning an incident in which he claims they both were physically and verbally assaulted.

On March 3, 1997, at the conclusion of the hearing, the immigration judge rendered an oral decision denying Mr. Sinistaj's applications for asylum and withholding of deportation. The immigration judge found that his testimony was not credible and that his claims of persecution were unsupported by the evidence. The immigration judge granted voluntary departure as to Mr. Sinistaj's wife and daughter, but held that Mr. Sinistaj was statutorily ineligible for such relief because he lied under oath to procure an immigration benefit—and that, in any event, voluntary departure would be denied in the exercise of the immigration judge's discretion because of his false testimony and repeated attempts to direct his wife's testimony.

Mr. Sinistaj appealed the immigration judge's order, arguing that the problems with his credibility were due to faulty translation by the government translator. The Board of Immigration Appeals dismissed the appeal, and that dismissal was not appealed. On September 21, 1998, however, Mr. Sinistaj filed with the Board a "motion to reopen or reconsider" the Board's prior decision. While the substance of that motion dealt primarily with the issue of reopening, it also stated that if "the Board finds that reopening in this case is inappropriate because the evidence should or could have been presented at the time of hearing, or that it was already part of the record, then we respectfully request that the [B]oard reconsider its decision to deny respondents [sic] appeal for the reasons stated and under the authority cited in support of the Motion to Reopen." The purported basis for reopening the case was that the "fraudulent" conduct of the "unscrupulous individuals"—*i.e.*, Mr. Camaj and Ms. Muntean—caused Mr. Sinistaj to submit false and misleading information to the Service, which served to undermine his credibility in the eyes of the immigration judge and thereby prevented him from obtaining a fair hearing. The Immigration and Naturalization Service opposed the motion.

On August 19, 2002, the Board issued a written per curiam order denying Mr. Sinistaj's motion. The substance of the Board's order focused only upon the issue of reopening, and did not explicitly analyze the issue of reconsideration. With respect to the request for reopening, the order explained that such a request may be granted only when based upon material evidence that was unavailable at the prior hearing. The Board concluded that because "[t]he assertions made by the respondents were previously available" and the respondents "had ample opportunity to pursue their claims against their former representatives on direct appeal," reopening was "precluded." This timely appeal followed.

## II.

### A.

Mr. Sinistaj first contests the Board's denial of his request for reopening, which we review for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 322-23 (1992). "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board," and the Board may "deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). "A motion to reopen proceedings shall not be granted" unless it is based upon evidence that "is material and was not available and could not have been discovered or presented at the former hearing . . . ." *Id.* at § 1003.2(c)(1).

Mr. Sinistaj does not challenge the Board's determination that the evidence concerning Mr. Camaj and Ms. Muntean, which formed the basis of the request for reopening, was available at the time of the former hearing. For that reason alone, the requirements for reopening have not been met. *Id.* Thus, Mr. Sinistaj has failed to demonstrate entitlement to the remedy of reopening, and the Board committed no abuse of discretion in so finding.[1]

### B.

Mr. Sinistaj also challenges the fact that the Board denied his motion "to reopen or reconsider" without explicitly

---

[1]Mr. Sinistaj argues that we should apply the doctrine of equitable tolling to excuse his delay in presenting his argument concerning Mr. Camaj and Ms. Muntean, though he concedes that this Court has never applied the doctrine in this type of situation. Mr. Sinistaj has failed to develop this argument in any coherent manner, and we can discern no way in which the doctrine of equitable tolling could apply to entitle him to reopening of his case.

analyzing the issue of reconsideration. We find this argument unpersuasive as well.

Mr. Sinistaj filed one motion, styled a motion "to reopen or reconsider," and the Board denied that motion. The fact that the Board did not explicitly analyze the issue of reconsideration is of no consequence – at least in this case, where Mr. Sinistaj failed to comply with the requirements set forth in the applicable regulations and, therefore, was not entitled to reconsideration in any event.

Pursuant to 8 C.F.R. § 1003.2(b), a motion for reconsideration of a decision by the Board must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision," and must be "supported by pertinent authority." The reconsideration section of Mr. Sinistaj's motion merely stated that "[i]f the Board finds that reopening in this case is inappropriate because the evidence should or could have been presented at the time of hearing, or that it was already part of the record, then we respectfully request that the [B]oard reconsider its decision to deny respondents [sic] appeal for the reasons stated and under the authority cited in support of the Motion to Reopen." But nowhere in the motion—in the reopening section or otherwise—was there any identification of "errors of fact or law in the prior Board decision" that would warrant reconsideration. *Id.* The motion expounded upon the problem of "unscrupulous individuals" "defrauding immigrants" and asserted that Mr. Camaj and Ms. Muntean were responsible for Mr. Sinistaj's submission of false and inconsistent information to the Service, but it identified no factual or legal error committed by the Board. Indeed, the motion even conceded that the identified problems were "not due to the conduct of the Immigration Judge . . . ."

Moreover, the only legal authority cited in the motion was a string-cite of three cases that purportedly deal with notions of "due process" and "fundamental fairness," but were not

cited for any proposition related to reconsideration and do not reveal any error committed by the Board in this case. Thus, the cases cited do not constitute "pertinent authority" within the meaning of 8 C.F.R. § 1003.2(b).

In short, because Mr. Sinistaj failed to meet the requirements for reconsideration, the Board committed no abuse of discretion in denying his motion. *See, e.g., Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986) (holding that because petitioners' motion for reconsideration failed to "state the reasons for reconsideration" or cite "pertinent case precedent," "the Board was justified in denying the motion on this ground and cannot be said to have abused its discretion.").

For these reasons, the petition for review of the Board's decision is DENIED.