

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2007

# Stewart v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stewart v. Atty Gen USA" (2007). *2007 Decisions.* Paper 939.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/939

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2854
_____

RAYMOND STEWART,

Petitioner

v.

ATTORNEY GENERAL of the UNITED STATES,

Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A73-074-867)
Immigration Judge: Grace A. Sease
Transferred pursuant to the REAL ID Act from the
United States District Court for the
Eastern District of Pennsylvania
(Docket No. 04-cv-00761)

Submitted under Third Circuit LAR 34.1(a)
Tuesday, May 22, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges.

(Filed June 15, 2007)

_____

[*]Honorable A. Wallace Tashima, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

_____

CHAGARES, <u>Circuit Judge</u>.

This is a petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The parties agree that we should vacate and remand the BIA's final order. In this opinion, we address the appropriate scope of the remand.

I.

Petitioner Raymond Stewart is a native and citizen of Jamaica. He has lived in the United States since 1993, and since 1996 he has been a lawful permanent resident. In December 1998, Philadelphia police arrested Stewart on drug charges. Stewart pleaded guilty to violations of 35 Pa. Stat. Ann. § 780-113(a)(30) ("[M]anufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance"), and 35 Pa. Stat. Ann. § 780-113(a)(16) ("possessing a controlled . . . substance"). The Philadelphia Municipal Court sentenced Stewart to 18 months of probation.

In April 2000, immigration authorities commenced removal proceedings against Stewart. The Notice to Appear alleged that Stewart was removable based on his commission of the "aggravated felony" of "illicit trafficking in a controlled substance," 8 U.S.C. §§ 1101(a)(43)(b), 1227(a)(2)(A)(iii), and based on his violation of a "law . . . relating to a controlled substance," § 1227(a)(2)(B)(i). At a hearing before an Immigration Judge ("IJ") in June 2003, Stewart's counsel admitted that Stewart's conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) constituted an aggravated felony.

However, counsel informed the IJ that Stewart was attempting to appeal his Pennsylvania conviction *nunc pro tunc*. Unfortunately, counsel failed to provide any documentation of that fact, and the IJ refused to consider the possibility of a *nunc pro tunc* appeal. The IJ then ordered Stewart removed to Jamaica based on his aggravated felony conviction.

Through counsel, Stewart filed a Notice of Appeal to the BIA. The only issue raised was Stewart's pending motion to file a *nunc pro tunc* appeal. Counsel predicted that "on June 22, 2003 Judge Bashoff [of the Philadelphia Municipal Court] will grant the appeal *nunc pro tunc* thereby granting [Stewart] a new trial . . . ." Appendix ("App.") 39.[1]

Question 8 on the Notice of Appeal form asks: "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" App. 39. Directly below that question, the form states:

> **WARNING**: If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

Id. Stewart's counsel marked "Yes" in answer to Question 8, but he failed to file a brief. As a result, in October 2003 the BIA summarily dismissed the appeal pursuant to 8 C.F.R.

---

[1]As it happened, counsel's prediction was incorrect. Stewart's current attorney informs us that Stewart's efforts to pursue a *nunc pro tunc* appeal "have, as of yet, been unsuccessful." Stewart Brief 14. Stewart, however, continues to pursue a *nunc pro tunc* appeal in Philadelphia Municipal Court. Id.

§ 1003.1(d)(2)(i)(E).[2]

After the BIA's order, Stewart remained in the custody of the Department of Homeland Security. In January 2004, Stewart wrote a letter, *pro se*, to the Clerk of the Executive Office of Immigration Review. Stewart asserted that the BIA's decision was erroneous. Stewart's attorney had given Stewart a copy of the Notice of Appeal, and on that copy the answer to Question 8 was left blank. Stewart also stated that his attorney "did not show up for a court hearing . . . at the criminal court in Pennsylvania," and that he had been unsuccessfully attempting to contact his attorney for four months. App. 46. Stewart asked the BIA to consider whether his "attorney's conduct is sufficient for finding ineffective assistance of counsel," and to "allow [him] a chance to find another attorney." App. 47.

An Appeals Examiner responded to Stewart's letter in February 2004. She explained that Stewart's case was "no longer before the Board," and as a result she stated that "your letter . . . is returned to you herewith." App. 61. The Appeals Examiner said that motions to reopen must comply with the provisions of 8 C.F.R. §§ 1003.2 and

---

[2]Section 1003.1(d)(2)(i)(E) states:

A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which: . . . .

(E) The party concerned indicates on [the Notice of Appeal] form that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]

4

1003.8, and must include a "$110 fee or fee waiver request." Id. She also stated that "the regulations governing motions . . . include strict time limits." Id. As a result, the Appeals Examiner encouraged Stewart to "consult promptly with an attorney." Id.

Stewart never received this letter. Although he remained in the custody of the Department of Homeland Security, the letter was returned as undeliverable.

On February 17, 2004, Stewart filed a *pro se* petition for a writ of habeas corpus in the District Court. After Congress passed the REAL ID Act, the District Court converted the matter to a petition for review and transferred it to this Court. See Silva-Rengifo v. Attorney General, 473 F.3d 58, 62 (3d Cir. 2007). Because the agency determined that Stewart was removable by reason of an aggravated felony conviction, our jurisdiction extends only to "constitutional claims or questions of law." See 8 U.S.C. §§ 1252(a)(2)(C), (D); Silva-Rengifo, 473 F.3d at 63.

## II.

Stewart's primary argument is that he is entitled to a hearing on an application for Cancellation of Removal because his conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) is not an aggravated felony.[3] Stewart, however, did not raise this claim before the IJ or the BIA. His failure to exhaust his administrative remedies forecloses our review of this claim. See 8 U.S.C. § 1252(d)(1); Joseph v. Attorney General, 465 F.3d 123, 126 (3d Cir.

---

[3]Our cases establish a detailed set of rules for determining whether a violation of 35 Pa. Stat. Ann. § 780-113(a)(30) qualifies as an aggravated felony. See Jeune v. Attorney General, 476 F.3d 199 (3d Cir. 2007); Garcia v. Attorney General, 462 F.3d 287 (3d Cir. 2006).

5

2006).

Stewart also argues that his January 2004 letter constituted a motion to reopen, which the BIA should have addressed on the merits. However, as the Appeals Examiner stated, Stewart's letter did not comply with the procedural requirements of 8 C.F.R. §§ 1003.2 and 1003.8. It is not error for the BIA to insist on compliance with the regulations governing motions to reopen. See Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986) (stating that "[b]ecause the petitioners were not in compliance with the prescribed regulations, the Board was justified in denying the motion" to reconsider); see also Sinistaj v. Ashcroft, 376 F.3d 516, 519-20 (6th Cir. 2004). Although, as Stewart points out, *pro se* motions should be liberally construed, the BIA is entitled to insist on at least minimal compliance with the governing regulations. Accordingly, there was no legal error in the BIA's refusal to treat Stewart's letter as a motion to reopen.

IV.

Finally, Stewart contends the BIA erred when it dismissed his appeal for failure to file a brief. The applicable regulation states that the BIA "may summarily dismiss an appeal" when "[t]he party concerned *indicates* . . . that he or she will file a brief," but fails to do so. 8 C.F.R. § 1003.1(d)(2)(i)(E) (emphasis added). Stewart argues that his Notice of Appeal form does not "indicate[]" any intent to file a brief. See id. He points out that the mark in the "Yes" box for Question 8 appears to have been made with a pen, while the four other check marks on the Notice of Appeal form appear to have been generated

6

by a computer program. Thus, according to Stewart, the mark in the "Yes" box for Question 8 was probably an inadvertent smudge, and the BIA's contrary conclusion was an error of law.

Although the Attorney General views Stewart's inadvertent-smudge theory "with dubiety," he has "agree[d] to a remand of the matter to the BIA for the limited purpose of addressing the claims set forth in the [Notice of Appeal form] on the merits." Attorney General Brief 17. In light of this agreement, we will remand the case to the BIA for that limited purpose.

## V.

Based on the foregoing, we will vacate the final order of removal and remand to the BIA for consideration of whether Stewart has perfected a *nunc pro tunc* appeal of his Pennsylvania convictions. The BIA is under no obligation to consider Stewart's other arguments.