NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0033n.06
Filed: January 15, 2009

No. 08-3306

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SUMARDI SUNARTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM AN ORDER OF THE |
| MICHAEL B. MUKASEY, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, COLE, and SUTTON, Circuit Judges.

**COLE, Circuit Judge.**    Petitioner Sumardi Sunarto seeks review of the Board of

Immigration Appeals's denial of his motion to reopen his removal proceedings and reconsider his

application for asylum, withholding of removal, and protection under the Convention Against

Torture.  For the reasons set forth below, we **DENY** Sunarto's petition for review.

## I.  BACKGROUND

Sumardi Sunarto is a native and citizen of Indonesia who is seeking asylum in this country.

He lawfully entered the United States on July 11, 2000 with a non-immigrant visa, which authorized

him to remain in this country until January 1, 2001.  On July 9, 2001, Sunarto filed an application

with the Immigration and Naturalization Service ("INS"), now part of the Department of Homeland

Security,  for asylum and withholding of removal, under §§ 208 and 241(b)(3) of the Immigration

and Nationality Act, 8 U.S.C. §§ 1158 and 1231(b)(3), respectively, and protection under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c)(2). In a subsequently filed statement in support of the application, Sunarto claimed that he had suffered past persecution and that he has a well-founded fear of future persecution in Indonesia based on: (1) his Chinese ethnicity, (2) his Buddhist religious beliefs, and (3) his fear of ethnic and religious violence in Indonesia.

On June 8, 2006, the Immigration Judge ("IJ") denied Sunarto's application for asylum, withholding of removal and protection under the CAT and ordered him removed to Indonesia. Sunarto then timely appealed the IJ's decision to the BIA, arguing that he had suffered past persecution in Indonesia, and that he has a well-founded fear of future persecution in that country, on account of his ethnicity and religion. On October 30, 2007, the BIA affirmed the IJ's decision and dismissed Sunarto's appeal. Sunarto did not appeal or seek review of his petition in federal court.

On December 4, 2007, however, Sunarto filed with the BIA a "Motion to Reopen and Reconsider." On February 20, 2008, the BIA dismissed Sunarto's motion, concluding that it did not satisfy the requirements for reopening removal proceedings under 8 C.F.R. § 1003.2(c). Specifically, the BIA declined to reopen the proceedings because Sunarto failed to submit (i) an application for asylum with his motion, and (ii) new or previously unavailable or undiscoverable documentary evidence. The BIA also declined to reconsider its earlier decision affirming the IJ's denial of relief because all issues raised in the motion had been addressed by the BIA in its October 30, 2007 decision. In short, the BIA concluded that Sunarto's motion presented facts and legal arguments

identical to those already considered and rejected in its earlier decision. Sunarto now petitions this Court to review the BIA's decision.

## II. JURISDICTION

Sunarto's petition indicates that he is appealing the BIA's February 20, 2008 denial of his motion. The substance of Sunarto's brief, however, is largely devoted to challenging the BIA's October 30, 2007 decision affirming the IJ's denial of relief. Given the frequency and the severity of past incidents of persecution and the unsafe conditions in Indonesia for non-Muslims, Sunarto contends that the BIA erred when it affirmed the IJ's denial of his application for asylum. The respondent concedes that Sunarto timely appealed the BIA's February 20, 2008 decision inasmuch as he filed his March 30, 2008 petition for review within the thirty-day filing period. *See* 8 U.S.C. § 1252(b)(1). To the extent that Sunarto seeks appellate review of the BIA's October 30, 2007 decision, however, the respondent contends that his petition is untimely and not eligible for review by this Court.

The respondent has the better argument. We lack appellate jurisdiction to review the BIA's October 30, 2007 decision affirming the denial of asylum, withholding of removal, and protection under the CAT. This Court has appellate jurisdiction to review only final orders of removal that have been timely appealed. 8 U.S.C. § 1252(a)(1). Petitions requesting appellate review of a BIA decision "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The statutory time limit is "both mandatory and jurisdictional." *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996)).

Sunarto failed to seek review of the BIA's October 30, 2007 decision within thirty days of the issuance of that decision. Moreover, Sunarto's filing of a motion did not toll the time period for seeking appellate review of that decision. *See*, *e.g., Stone v. INS*, 514 U.S. 386, 389-90 (1995) (holding that the timely filing of a motion to reopen or reconsider with the BIA does not toll the time period for seeking appellate court review and that the mere act of filing the motion does not render non-final the underlying BIA decision). Accordingly, to the extent that Sunarto challenges the IJ's underlying order denying his application for asylum, withholding of removal, and protection under the CAT, we lack jurisdiction to consider these claims because Sunarto failed to file a timely petition for review of the order. *See Prekaj*, 384 F.3d at 268. Thus, we have jurisdiction to consider only the BIA's February 20, 2008 decision declining to reopen proceedings or reconsider the case.

### III.  DISCUSSION

**A.  Standard of Review**

We review legal determinations made by the BIA de novo. *Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004). We review a denial of a motion to reopen proceedings and reconsider an application for asylum, withholding of removal, and protection under the CAT for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). An abuse of discretion occurs when " the denial of the motion to reopen [and] reconsider was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005). In determining whether the BIA abused its discretion, we may look at "the basis articulated in the decision and [we] may not assume that the

[BIA] considered factors that it failed to mention in its opinion." *Daneshvar v. Ascroft*, 355 F.3d 615, 626 (6th Cir. 2004).

**B. Motion to Reconsider**

The BIA did not abuse its discretion when it denied Sunarto's motion to reconsider its October 30, 2007 decision affirming the IJ's denial of relief. Sunarto's underlying application is based on harassment of ethnic Chinese and non-Muslims in Indonesia during incidents of unrest, which he witnessed in 1983, May 1998, and in 1999, and general discrimination against non-Muslims and ethnic Chinese in that country. In affirming the IJ's denial of relief, the BIA concluded that the incidents of past mistreatment described by Sunarto were, in fact, merely incidents of harassment, discrimination, and damage to his car, that did not amount to actionable persecution under the INA. The BIA explained that Sunarto had not been physically injured during any of the incidents on which he relies, and that as a result there is no evidence of persecution. In the subsequent motion, supported solely by his own affidavit, Sunarto argued that the evidence before the BIA warranted relief. In denying that motion, the BIA explained that the contentions raised in Sunarto's motion were considered and addressed in its previous decision. On appeal, Sunarto presents that identical argument again—that the evidence previously submitted warrants relief. In particular, he argues that during his removal proceedings, he testified that the cruelty he suffered due to his Chinese ethnicity and his Buddhist faith in Indonesia constituted persecution. Sunarto further contends that the Country Reports and evidence presented by him indicate that he has a well-founded fear that he will suffer future persecution if returned to Indonesia.

"The purpose of a motion to reconsider is the correction of legal or factual errors that occurred in the BIA's original decision." *Mu Ju Li v. Mukasey*, 515 F.3d 575, 578 (6th Cir. 2008) (citing 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1)). Ultimately, the motion "is a request to the BIA to reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Aschroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *In re Cerna*, 20 I. & N. Dec. 399, 402 n. 2 (B.I.A. 1991)). As such, BIA regulations require a motion to reconsider to "state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). After examining the record, it cannot be said that the BIA irrationally concluded that Sunarto presented no additional legal arguments or facts in his motion that had not already been presented to and rejected by it in its earlier decision affirming the IJ's denial of asylum, withholding of removal, and protection under the CAT. *See* § 1003.2(b)(1).

An examination of the record confirms that the evidence upon which Sunarto relies in his motion, including the incidents described in his affidavit, reiterate instances of harassment and discrimination that Sunarto described during his hearing before the IJ. In particular, the affidavit merely recounts Sunarto's claims that he witnessed harassment of ethnic Chinese and non-Muslims during unrest in Indonesia in 1983, May 1998, and in 1999. In his motion, Sunarto never claims that he was physically injured during these incidents. *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998) (holding that "harassment or discrimination does not rise to the level of persecution" under the INA unless it is accompanied by "physical punishment, infliction of harm, or significant deprivation of liberty"). Nor does he claim that his family members were injured. *See Akhtar v.*

Gonzales, 406 F.3d 399, 406 (6th Cir. 2005) (noting acts of violence against an asylum applicant's family members may demonstrate that s/he has a well-founded fear of persecution if such acts are linked to persecution against the applicant). Moreover, Sunarto's affidavit does not provide any new or additional incidents of persecution that Sunarto claims to have suffered. *Mikhailevitch*, 146 F.3d at 390. And, finally, Sunarto fails to refute the Country Reports or to offer evidence establishing that he has an individualized fear of future persecution in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (holding that petitioner, an ethnic Chinese Christian from Indonesia, did not establish a well-founded fear of future persecution in Indonesia because she failed to demonstrate that she would be individually targeted for persecution, and Country Reports indicate that religious discrimination and harassment of ethnic Chinese have declined in previous years). Put simply, the motion lacks any indication of "errors of fact or law in the prior" decision that would warrant the BIA's reconsideration. We therefore cannot conclude that Sunarto's failure to raise factual or legal errors in the BIA's October 30, 2007 decision was an irrational explanation for the BIA's conclusion that Sunarto had failed to specify any new facts or arguments in his motion that warrant reconsideration.

Motions for reconsideration require more than the simple rehashing of previously rejected arguments and facts. *Ahmed*, 388 F.3d at 249; *Sswajje*, 350 F.3d at 533. Because Sunarto failed to identify any errors of fact or law in the BIA's earlier decision, he has failed to meet the requirements for reconsideration. *See Sinistaj v. Ashcroft*, 376 F.3d 516, 519 (6th Cir. 2004) (motion for reconsideration is properly denied where petitioner fails to meet the requirements for

reconsideration). We therefore conclude that the Board did not abuse its discretion in denying

Sunarto's motion. Accordingly, we **DENY** Sunarto's petition for review on this basis.

## C. Motion to Reopen

It is not entirely clear that Sunarto challenges the BIA's decision denying the motion to

reopen his asylum and removal proceedings. The respondent's brief, however, appears to assume

that Sunarto seeks review of both the BIA's decision to deny reconsideration and the reopening of

proceedings. Under the general rule, "[a petitioner] waives an issue when he fails to present it in his

initial briefs before this court." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir.

2003). However, we have recognized an exception "that where an argument advanced in [a

petitioner's] opening brief applies to and essentially subsumes an alternative basis for affirmance not

separately argued therein, the [petitioner] does not waive that alternative basis for affirmance."

*United States v. Goforth*, 465 F.3d 730, 737 (6th Cir. 2006) (citing *Stambaugh v. Corrpro Co.*, No.

03-3904, 2004 WL 2625036, at *5 (6th Cir. Nov. 17, 2004)). Because the analysis of Sunarto's

claims is largely the same under both reconsideration and reopening, we believe that Sunarto's

arguments with respect to the reopening claims are sufficiently subsumed by his arguments on the

reconsideration claims and that this exception applies. Accordingly, we conclude that Sunarto did

not waive his argument as to the reopening claims.

We are of the view that the BIA did not abuse its discretion in finding that Sunarto did not

meet the requirements to reopen proceedings for the same reasons we conclude that it did not abuse

its discretion by denying Sunarto's motion for reconsideration. Pursuant to 8 C.F.R. § 1003.2(c)(1),

a motion to reopen proceedings under must "state the new facts that will be proven at a hearing to

be held if the motion is granted." According to that regulation, the motion must be supported by affidavits or other evidentiary material. 8 C.F.R. §1003.2(c)(1). A motion to reopen is properly denied where the motion does not introduce previously unavailable material evidence. *INS v. Abudu*, 485 U.S. 94, 97-98 (1988).

Here, Sunarto did not meet the regulation's requirements. First, he failed to provide any new material evidence in support of his motion. As we have already noted, Sunarto submitted his own affidavit in support of the motion, which detailed previously described incidents of harassment and discrimination. Second, even assuming that Sunarto's affidavit offers new incidents of past persecution or provides new details relating to the severity of such persecution, this evidence would have been previously available to Sunarto inasmuch as his claim rests almost entirely on his own memory. To the extent Sunarto relies on new evidence, he fails to offer an explanation as to why any of this evidence was previously unavailable.

On the record, it is clear that the BIA's denial of Sunarto's motion was based on a rational explanation, and there is no evidence that it departed from established policies. *See Allabani*, 402 F.3d at 675. According to the applicable regulation, if the motion to reopen proceedings is for the purpose of submitting an application for relief, the appropriate application for relief and all supporting documentation must be submitted. 8 C.F.R. § 1003.2(c)(1). Sunarto did not attach an application for asylum to his motion to reopen proceedings and his motion to reopen sought asylum, withholding of removal, or protection under the CAT. Accordingly, the BIA did not abuse its discretions in denying Sunarto's petition.

## IV. CONCLUSION

Because the BIA's denial of Sunarto's Motion to Reopen or Reconsider was not an abuse of discretion, we **DENY** Sunarto's petition for review.