NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0206n.06

Nos. 09-4048 & 10-3793

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NISAR NAJMUDDIN MULLA, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | **Feb 22, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON PETITION FOR REVIEW FROM |
| | ) | THE UNITED STATES BOARD OF |
| ERIC H. HOLDER, JR., | ) | IMMIGRATION APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: COOK, MCKEAGUE, and ROTH, Circuit Judges.[*]

JANE ROTH, Circuit Judge.

Nisar Mulla petitions this Court for review of two final orders rendered by the Board of Immigration Appeals affirming the Immigration Judge's denial of his application for asylum. For the reasons expressed below, we will deny Mulla's petition for review.

I. Background

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This immigration case commenced almost thirty years ago. Mulla, a native and citizen of Pakistan, entered the United States as an immigrant on August 28, 1975. On May 8, 1981, Mulla was convicted of Conspiracy and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. As a result of this conviction, the Immigration and Naturalization Service served Mulla with an order to show cause charging him with deportability

---

[*] The Honorable Jane R. Roth, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

under former 8 U.S.C. § 1251(a)(11)(1982).[1]  After a hearing, Mulla was ordered deported to Pakistan; he did not appeal this decision.

On March 2, 1984, Mulla effectuated self-deportation by accidently leaving the United States during a trip to the Virgin Islands.  However, the following day he reentered the United States and presented himself as a returning lawful resident.  Upon his reentry, the INS instructed Mulla to appear for deportation.  In response, Mulla initiated a civil suit in the United States District Court claiming that in exchange for his service as a confidential informant in various drug-related prosecutions, the government stipulated that he would not be deported.  In May 1989, the parties agreed that Mulla's suit would be dismissed and that the INS would re-commence deportation proceedings.

On January 12, 1990, the INS reinstated deportation proceedings.  Although Mulla conceded deportability and that he could not meet the requirements for suspension of deportation, he requested additional time to submit an application for asylum.  This request was granted.  At a later hearing, however, Mulla's counsel informed the immigration judge that Mulla no longer desired to pursue asylum, but rather sought voluntary departure in lieu of deportation.  The INS opposed this request, and the  immigration judge ordered Mulla's deportation to Pakistan.

Represented by new counsel, Mulla appealed this decision and requested remand, asserting that his prior representation was inadequate because his attorney failed to submit an application for asylum.  The BIA agreed and, on March 18, 1994, ordered that "The motion to remand to give [Mulla] an opportunity to file his asylum application is granted and the record is remanded for further proceedings and the entry of a new decision and the motion is denied in all other respects." In its opinion, the BIA detailed its reasons why Mulla was not statutorily eligible for suspension of deportation.  The INS filed a motion for reconsideration, which, for unknown reasons, was not denied until 2002.

---

[1]  Amended and renumbered as 8 U.S.C. § 1227(a)(2)(B)(i).

On remand, Mulla argued that he was eligible for asylum or suspension of deportation. The immigration judge concluded that he lacked jurisdiction to address the suspension of deportation claim because the BIA previously determined that Mulla was ineligible and that remand was solely limited to consideration of the asylum application. With respect to asylum, the immigration judge concluded that Mulla was not entitled to relief because he: (1) was not credible, (2) failed to meet his burden of proving that he possessed a well founded fear of persecution, and (3) failed to establish that he would be subject to persecution by the Pakistani government or persons whom it was unable or unwilling to control. Mulla appealed this decision to the BIA. In its July 2009 decision, the BIA sustained Mulla's appeal as it related to the immigration judge's credibility determination, but dismissed the appeal in all other respects. Mulla then filed motions for reconsideration and reopening the proceedings, which the BIA denied on June 2, 2010. Mulla subsequently filed a petition for review with this Court.

## II. Discussion

When an alien challenges an order of deportation that is based upon a controlled substance violation, federal law prohibits "our review of asylum applications . . . when the appeal seeks review of discretionary or factual questions, but not when the appeal seeks review of constitutional claims or matters or statutory construction." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006); *Shewchun v. Holder*, 658 F.3d 557, 561 (6th Cir. 2011).

### A. Asylum

To obtain asylum, an alien must establish that he qualifies as a refugee. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003)(citing 8 U.S.C. § 1101(a)(42)(A)). A refugee is an alien who is unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Inherent within this definition is that any "persecution [suffered by the alien] must be by the government, or persons the government is unwilling or unable to control." *Kante v. Holder*, 634 F.3d 321, 325 (6th Cir. 2011) (internal quotations omitted).

Whether the government is able or willing to control alleged persecutors is a factual determination reviewed under a substantial evidence test. *Id.; see Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009).

Mulla asserts that the BIA erred when it concluded that his status as a publicly exposed confidential informant did not constitute membership in a particular social group. Although Mulla raises a legal issue, we do not need to address it because the BIA also concluded that even if Mulla's status as an exposed confidential information constituted membership in a particular social group, he failed to demonstrate that the Pakistani government is unable or unwilling to control his alleged persecutors. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1137-38 (6th Cir. 2010); *see also Silva v. Ashcroft*, 394 F.3d 1, 6, 8 (1st Cir. 2005) (finding it unnecessary to decide whether a proposed group constitutes a cognizable social group because the alien cannot provide sufficient evidence that the government cannot or will not protect him should he return). Because we lack jurisdiction to review the BIA's factual determination that Mulla failed to present sufficient evidence that the Pakistani government is unwilling or unable to control the alleged persecutors, we find it unnecessary to determine whether Mulla's status as an exposed confidential informant constitutes membership in a particular social group.

B. Due Process

*1. Hearing*

When reviewing alleged due process violations in removal hearings, we must determine "whether there was a defect in the removal proceeding . . . [and] whether the alien was prejudiced because of it." *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005). Because "proof of prejudice is necessary to establish a due process violation in an immigration hearing," *id,* "we need not address the merits of a [due process] claim if" the alien fails to demonstrate prejudice, *Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008); *see Ikharo v. Holder*, 614 F.3d 622, 631 (6th Cir. 2010), *vacated on other grounds*, --- S.Ct. ---, 2012 WL 33261 (Jan. 9, 2012). "[T]o establish the requisite prejudice, [the alien] must show that the due process violations led to a substantially different

outcome from that which would have occurred in the absence of those violations." *Graham*, 519 F.3d at 549-50; *see Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007) ("An alien must establish . . . substantial prejudice to prevail on a due process challenge to deportation proceedings") (internal quotations omitted).

Mulla's contention that he suffered prejudice is completely unsupported by the record. As a preliminary matter, he fails to explain what type of prejudice he suffered or how the alleged due process violation prejudiced his case. *Castellano–Chacon v. INS,* 341 F.3d 533, 553 (6th Cir. 2003) (concluding that because the alien "failed to identify any specific prejudice" that he suffered, the alleged due process violation was "harmless"). Moreover, Mulla's complaints relate to the immigration judge's questioning of him and allegedly hostile treatment toward himself and his counsel. Even assuming this conduct constituted a due process violation, the BIA cured any alleged prejudice when it disregarded the Immigration Judge's adverse credibility determination and found Mulla credible. We, therefore, conclude that Mulla did not suffer any prejudice because none of his alleged due process violations affected the outcome of his claim.

*2. Appellate Review*

Mulla also contends that the BIA violated his due process rights when it failed to consider several of the arguments he raised on appeal. Although the "BIA should demonstrate that it has considered the evidence that a petitioner presents, the BIA is not required to parse or refute on the record every individual argument or document offered by the petitioner." *Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011) (internal citations omitted). "What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Akhtar v. Gonzales*, 406 F.3d 399, 408 (6th Cir. 2005). The BIA may dispose of an "appeal in a perfunctory manner" when its adoption of the immigration judge's reasoned explanation provides a sufficient basis for its decision. *Id.*

Despite Mulla's arguments to the contrary, both the Immigration Judge and BIA provided sufficient explanations of their decisions. Not only did the Immigration Judge adequately set forth the basis for his decision, but also the BIA independently reviewed the record, detailed its rationale for adopting the Immigration Judge's decision, and explained why Mulla did not qualify for asylum. *See Scorteanu v. INS,* 339 F.3d 407, 412 (6th Cir. 2003). Thus, Mulla's due process claim lacks merit because "[t]he explanations offered by the [Immigration Judge] and the BIA are thorough enough to allow us to meaningfully review their decisions." *Al-Ghorbani v. Holder*, 585 F.3d 980, 993 (6th Cir. 2009).

C. Scope of Remand

Mulla asserts that the BIA's March 1994 order did not limit the scope of remand to consideration of his asylum application, but rather also permitted the Immigration Judge to adjudicate the suspension of deportation claim. This argument is without merit. The BIA's opinion in *Matter of Patel*, 16 I. & N. Dec. 600 (BIA 1978), established the standard for the scope of remand orders in immigration proceedings. According to *Patel*,

> [W]hen the Board remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained. Further, when this is done, unless the Board qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations.

*Id.* at 601. Here, there is no evidence that the BIA departed from its prior precedent. The 1994 order contained express qualifications on the matters to be reviewed on remand. The order stated that the motion to remand to file for asylum was granted; it then stated that "the motion is denied in all other respects." Accordingly, the BIA did not err when it affirmed the Immigration Judge's determination that he did not have jurisdiction to consider Mulla's suspension of deportation claim.

D. Motions to Reconsider and Reopen

Mulla also contends that the BIA erred when it denied his motions to reconsider and reopen his petition. We review for abuse of discretion. *Haddad v. Gonzales,* 437 F.3d 515, 517 (6th Cir.

2006). An abuse of discretion occurs if the denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales,* 402 F.3d 668, 675 (6th Cir. 2005). After considering Mulla's arguments, we conclude that the BIA did not abuse its discretion when it denied his motions. Mulla's motion to reconsider raised the identical issues and arguments the BIA previously rejected, *see Sunarto v. Mukasey*, 306 F. App'x 957, 962 (6th Cir. 2009), and his motion to reopen failed to present a *prima facie* case for asylum, *see Alizoti v. Gonzales*, 477 F.3d 448, 451-52 (6th Cir. 2007) ("A *prima facie* showing of eligibility for relief is required in motions to reopen").

## III. Conclusion

For the foregoing reasons, we will deny the petition for review.