NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0466n.06

No. 22-3358

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 18, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARIA INES VILLALOBOS, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| Respondent. | ) ) ) | OPINION |

Before: READLER, MURPHY, and MATHIS, Circuit Judges.

PER CURIAM. Maria Ines Villalobos, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of her motion to reopen her removal proceedings. As set forth below, we **DENY** Villalobos's petition for review.

Upon Villalobos's unlawful entry into the United States in April 2005, the Department of Homeland Security arrested her and then served her with a notice to appear in removal proceedings, charging her with removal as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Villalobos appeared for the first removal hearing and was personally served with a notice scheduling the next hearing for January 18, 2006. When Villalobos failed to appear at the second hearing, the immigration judge (IJ) ordered her removal in absentia.

Fourteen years later, in April 2020, Villalobos filed a motion to reopen her removal proceedings and to rescind the in absentia removal order, asserting that she never received notice

of the hearing, that she was unable to attend the hearing because she had an automobile accident, and that she was unaware of the hearing date because someone broke into her apartment and stole her papers. Along with her motion, Villalobos submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and an application for cancellation of removal. Villalobos also filed a motion to change venue to Louisiana, where she resided.

An IJ denied Villalobos's motions. The IJ first determined that Villalobos had failed to establish lack of notice to warrant reopening of her removal proceedings and rescission of the in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The IJ pointed out that Villalobos did not dispute receiving the notice to appear and hearing notices and that her appearance at the first hearing demonstrated actual notice of the removal proceedings. With respect to whether exceptional circumstances excused Villalobos's failure to appear, the IJ found that her motion was neither filed within 180 days of the in absentia removal order nor supported by corroboration to carry her burden of establishing extraordinary circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). The IJ recognized that a party may move to reopen at any time to apply for asylum, withholding of removal, or CAT protection based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). According to the IJ, Villalobos had failed to present material evidence of changed country conditions that could not have been discovered or presented at her last hearing, and even if she had, her application failed to state a prima facie case for asylum, withholding of removal, or CAT protection. The IJ also refused to reopen Villalobos's case sua sponte based on her failure to move for reopening until 14 years had passed and her failure to present any corroborating evidence to support her claimed reasons for failing to appear. Finally, the IJ found that Villalobos had failed to show good cause for a change in venue.

Villalobos appealed the denial of her motion to reopen to the BIA. Villalobos argued that the IJ had "failed to recognize several exceptional factors" and that she had established prima facie eligibility for cancellation of removal based on her qualifying relatives and continuous residence in the United States as well as eligibility for asylum, withholding of removal, and CAT protection based on discrimination and violence against women in El Salvador. The BIA affirmed the IJ's decision without opinion.

This timely petition for review followed. Villalobos argues that the agency abused its discretion in denying her motion to reopen based on changed country conditions. Villalobos has forfeited any challenge to the agency's other grounds for denying her motion to reopen by failing to address those grounds before this court. *See Gafurova*, 911 F.3d at 327 n.2.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Hassan v. Gonzales*, 403 F.3d 429, 433 (6th Cir. 2005). We review the denial of a motion to reopen for an abuse of discretion. *Dieng v. Barr*, 947 F.3d 956, 960 (6th Cir. 2020). We will find an abuse of discretion if the denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). Given that motions to reopen are disfavored and that the agency has broad discretion to grant or deny such motions, "[t]he party filing a motion to reopen bears a heavy burden." *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004); *see Gafurova v. Whitaker*, 911 F.3d 321, 325-26 (6th Cir. 2018).

There is no time limit for filing a motion to reopen to apply for asylum, withholding of removal, or CAT protection "based on changed country conditions arising in the country of

nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.23(b)(4)(i). "A 'motion to reopen is properly denied where the motion does not introduce previously unavailable material evidence.'" *Gafurova*, 911 F.3d at 326 (quoting *Sunarto v. Mukasey*, 306 F. App'x 957, 962 (6th Cir. 2009)).

Villalobos's motion to reopen included an application for asylum, withholding of removal, and CAT protection asserting that she came to the United States because of threats from gang members. Villalobos failed to submit any evidence in support of this claim, let alone any evidence of a material change in country conditions since the first IJ ordered her removal in absentia. On appeal to the BIA, Villalobos asserted that laws protecting women were not enforced in El Salvador, but she failed to make any argument or point to any evidence that conditions for women had changed since the in absentia removal order. Villalobos's brief in support of her petition for review raises new claims of changed country conditions, such as a gang truce in 2012 and an attempted coup in 2020, but these new claims are unexhausted and unsupported by the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A), (d)(1).

Because Villalobos did not present any material evidence of changed country conditions in support of her motion to reopen, the agency did not abuse its discretion in denying her motion. We therefore need not reach whether Villalobos demonstrated prima facie eligibility for asylum, withholding of removal, or CAT protection.[1] *See Gafurova*, 911 F.3d at 327.

For these reasons, we **DENY** Villalobos's petition for review.

---

[1] To the extent that Villalobos argues that she is eligible for cancellation of removal, she was served with a statutorily compliant notice to appear in removal proceedings upon her unlawful entry into the United States in 2005, which precluded her from accruing the necessary period of continuous physical presence in the United States to qualify for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1), (d)(1); *Pereira v. Sessions*, 138 S. Ct. 2105, 2110-11 (2018).