Nicolas FLORES, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–72628.

Agency No. A70–552–058.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

Submitted Sept. 15, 2003.**

Decided Sept. 22, 2003.

Nicolas Flores, Compton, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Emily A. Radford, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM***

Nicolas Flores, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying his motion to reopen his deportation proceedings. Because the transitional rules apply, see *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of a motion to reopen for abuse of discretion. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996). We deny the petition for review.

The IJ did not abuse her discretion in denying Flores's motion to reopen as untimely under 8 C.F.R. § 3.23(b)(1) (2002),

because the record shows it was filed on December 6, 2001, more than 90 days after the January 7, 2000 final order of deportation. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002). We do not consider the possibility of ineffective assistance of counsel or equitable tolling, because Flores did not raise these issues on appeal to the BIA, *see id.*, and Flores has waived these contentions by failing to present them to this court, *see id.*

We lack jurisdiction to consider Flores's contentions regarding the merits of the underlying order of deportation, because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

### PETITION FOR REVIEW DENIED.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

