RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0298P (6th Cir.)
File Name: 04a0298p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

VILTON PREKAJ, AGE PREKAJ,
and LEORET PREKAJ,

     *Petitioners,*

    *v.*

IMMIGRATION AND
NATURALIZATION SERVICE
and JOHN ASHCROFT,
Attorney General,

     *Respondents.*

No. 02-4462

On Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A75 310 054; A75 310 055; A75 310 056.

Argued: July 9, 2004

Decided and Filed: September 8, 2004

Before: KRUPANSKY and GILMAN, Circuit Judges;
MAYS, District Judge.*

---

  * The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

---

## COUNSEL

**ARGUED:** David H. Paruch, Troy, Michigan, for Petitioners. Susan K. Houser, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents. **ON BRIEF:** David H. Paruch, Troy, Michigan, for Petitioners. Marion E. Guyton, Richard M. Evans, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

## OPINION

---

    SAMUEL H. MAYS, Jr., District Judge. Petitioners seek review of an Immigration Judge's decision denying their request for asylum, the Board of Immigration Appeals' ("Board") decision on April 11, 2002 affirming that decision on a procedural ground, and the Board's December 5, 2002 denial of their untimely motion to reopen. This court has jurisdiction only over the December 5, 2002 decision. Because the Board did not abuse its discretion by denying an untimely motion to reopen, we **DENY** the petition for review.

### I. BACKGROUND

    Petitioners Vilton, Age, and Leoret Prekaj, a husband and wife and their minor daughter, are natives of the former Republic of Yugoslavia. Vilton Prekaj entered the United States on December 20, 1993 as a non-immigrant visitor for pleasure. His temporary visa expired on June 19, 1994. Age and Leoret Prekaj entered the United States without valid entry documents on August 8, 1995. On October 31, 1997, the Immigration and Naturalization Service ("INS") served

Vilton and Age Prekaj with Notices to Appear, charging them with removal under the Immigration and Nationality Act.[1]

Petitioners sought asylum. After conducting hearings that concluded on April 10, 2000, Immigration Judge Miriam K. Mills issued a decision denying Petitioners relief on May 3, 2001. Petitioners filed an appeal with the Board on May 17, 2001. The Notice of Appeal form included a place for Petitioners to indicate whether they would "file a separate written brief or statement in addition to the 'Reason(s) for Appeal' written above or accompanying this form." The form also included the statement: "WARNING: Your appeal may be summarily dismissed if you indicate in item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." The Notice of Appeal was signed by Petitioners' counsel, David Paruch. It stated, as reasons for appeal, the same reasons raised in the present petition.[2]

Although Petitioners checked the box indicating that they would file a separate brief, they failed to do so. On April 11, 2002, the Board summarily dismissed the appeal because of

---

[1] The INS ceased to exist as an independent agency on March 1, 2003, when its functions were transferred to the Department of Homeland Security under the Homeland Security Act of 2002. The proper respondent is the Attorney General of the United States. *See* 8 U.S.C. §1252(b)(3).

[2] Petitioners argued that the Immigration Judge abused her discretion by (1) misconstruing testimony about incidents of persecution, (2) finding that Petitioners had not experienced past persecution, (3) finding that Petitioners do not reasonably fear persecution because of changed country conditions, and (4) denying Petitioners' requests for asylum and withholding of deportation and for relief under the Convention against Torture. They also argued that the delay between the conclusion of the hearings on April 10, 2000 and the date the decision was issued (May 3, 2001) caused the Immigration Judge to forget portions of the testimony, resulting in a denial of their due process rights.

that failure, citing 8 C.F.R. § 3.1(d)(2)(i)(D), which authorizes summary dismissal if the appellant indicates on the notice of appeal form "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." The Board also stated, "[U]pon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error."

On October 1, 2002, Petitioners filed a motion to reopen their removal proceeding with the Board. The motion stated that Petitioners "sought assistance of counsel and counsel was unable to complete the briefing on time." On December 5, 2002, the Board denied the motion to reopen on the basis that it was untimely. Its order stated:

PER CURIAM. The motion to reopen has been filed out of time and will be denied. The final order in these proceedings was entered by the Board on April 11, 2002. Pursuant to 8 C.F.R. § 3.2(c)(2), a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision. In the instant case, a motion to reopen would have been due on or before July 10, 2002. The record reflects, however, that the Board did not receive the motion until October 1, 2002. The motion to reopen was therefore filed out of time.

In her motion, the respondent requests that the Board consider her "late filed" brief. As the respondent has failed to present adequate reasons to support reopening and consideration of the brief, the motion will be denied.

On December 27, 2002, Petitioners filed a petition seeking review of the Board's December 5th decision. This court has jurisdiction over the petition for review under 8 U.S.C. § 1252(b)(1).

## II. ANALYSIS

### A. Scope of this Court's Review

Petitioners seek review of three decisions: (1) the Immigration Judge's May 3, 2001 decision denying asylum, (2) the Board's April 11, 2002 decision denying Petitioners' appeal from the Immigration Judge's decision, and (3) the Board's December 5, 2002 decision denying Petitioners' motion to reopen the case. This court has jurisdiction to consider only the third decision, the Board's December 5, 2002 decision declining to reopen the case.

First, we do not review the Immigration Judge's decision. There is "widespread consensus" that, in 8 U.S.C. § 1252(a)(1), Congress has granted the courts power to review only "final order[s]" of removal. *Abdulai v. Ashcroft*, 239 F.3d 542, 548 (3d Cir. 2001) (quoting the statute). "Because an alien facing removal may appeal to the BIA as of right, and because the BIA has the power to conduct a *de novo* review of [Immigration Judge] decisions, there is no 'final order' until the BIA acts." *Id.* at 548-49 (citing *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991)).

Second, we do not review the Board's April 11, 2002 denial of Petitioners' appeal. The statute providing for judicial review, 8 U.S.C. § 1252(b)(1), states that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." That statutory time limit is "both mandatory and jurisdictional." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (discussing previous version of statute; declining to consider underlying denial of appeal and considering only denial of untimely motion to reopen). Petitioners did not seek judicial review of the April 11, 2002 decision within thirty days of its issuance. Therefore, the court lacks jurisdiction to consider Petitioners' objections to that decision. *See, e.g., Flores v. Ashcroft*, 76 Fed. Appx. 177, 2003 WL 22203779, at *1 (9th Cir. Sept. 15, 2003) ("We lack jurisdiction to consider Flores's contentions regarding

the merits of the underlying order of deportation, because the petition for review is not timely as to that order.")

The petition for judicial review, filed with this court December 27, 2002, is timely only as to the Board's December 5, 2002 denial of Petitioners' motion to reopen the case. We therefore limit our review to that decision, applying the abuse of discretion standard. *See INS v. Doherty*, 502 U.S. 314, 324 (1992). The denial of a motion to reopen is a final order subject to judicial review. *Zheng v. Ashcroft*, 89 Fed. Appx. 76, 77, 2004 WL 345601, at *1 (9th Cir. Feb. 24, 2004).

### B. The Board's December 5 Decision Was Not an Abuse of Discretion

The only remaining issue is whether the Board abused its discretion by denying Petitioners' motion to reopen because it was untimely. The motion was filed almost three months outside the ninety-day window for filing such motions set forth in 8 C.F.R. § 3.2(c)(2) and later codified at 8 U.S.C. § 1229a(c)(6)(C)(i). *See Ekimian v. INS*, 303 F.3d 1153, 1156 (9th Cir. 2002).

Petitioners argue that the Board "cannot summarily deny reopening based on cursory and speculative determinations." (Petitioners' Brief at 23.) They cite the Second Circuit case *Zhao v. United States Department of Justice*, 265 F.3d 83 (2d Cir. 2001), in support of their argument. In *Zhao*, the Second Circuit reviewed the Board's denial of a timely motion for reconsideration, which the Board had construed as a motion to reopen. The court stated that the Board abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or

conclusory statements." *Id.* at 93 (citations omitted).[3] The court remanded the case to the Board, holding that its decision was not adequately explained. *Id.* at 96-97.

In this case, by contrast, the Board's decision was neither conclusory nor devoid of reasoning. It is undisputed that the motion to reopen was filed outside the ninety-day period. Rather than departing "inexplicably" from established policies, the decision adheres to the long-established policy of enforcing statutory and regulatory deadlines. Petitioners have cited no authority to the effect that the Board abuses its discretion by denying an untimely motion. It was not an abuse of discretion for the Board to enforce the deadline. *See INS v. Abudu*, 485 U.S. 94, 111 (1988) ("In passing on the sufficiency of [a motion to reopen], the BIA is entitled to attach significance to its untimeliness...."); *Flores-Lima v. Ashcroft*, 97 Fed. Appx. 786, 787, 2004 WL 1197418, at *1 (9th Cir. May 10, 2004) (Board did not abuse its discretion in denying motion to reopen on grounds of untimeliness).

### III. CONCLUSION

For the foregoing reasons, the petition for review is **DENIED.**

---

[3] As in this case, the court considered only the Board's decision in denying the motion to reconsider/reopen. *Id.* at 89-90 (stating that "the appeal before us brings up for review only the Board's denial of the motion to reconsider"; declining to consider Zhao's assertions that he did not receive due process at his hearing "[b]ecause we are precluded from passing on the merits of the underlying exclusion proceedings.")