NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0709n.06
Filed: September 29, 2006

No. 05-3735

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANDREW S. HANGO,

     Petitioner,

                                    On Appeal from the Board of
v.                                  Immigration Appeals

ALBERTO R. GONZALES, Attorney General,

     Respondent.

_____/

BEFORE:    MARTIN and RYAN, Circuit Judges; and MARBLEY, District Judge.[*]

     RYAN, Circuit Judge.    The petitioner, Andrew S. Hango, appeals an order of the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's (IJ) order denying Hango's motion to reopen his case. Because we find that the BIA did not abuse its discretion, we **DENY** Hango's petition for review.

**I.**

     Andrew S. Hango is a citizen of Tanzania, who entered the United States on a student visa on September 16, 1997, but never attended any classes. On June 17, 1998, he married a United States Citizen, Candice Hango, who petitioned for Hango to be granted permanent residence. The Immigration and Naturalization Service (INS) denied this application in May 2001, after finding that the parties "could not prove that the marriage

_____

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

was legitimate." Hango was further advised that he "appear[ed] to be removable" and would be placed in deportation proceedings if he did not depart the United States voluntarily. Hango did not depart, and a notice to appear was issued on September 4, 2001. On October 2, 2002, after an administrative hearing in Detroit, Michigan, in which Hango and his attorney participated, an IJ determined that Hango was removable. The IJ gave Hango until January 30, 2003, to voluntarily depart or an alternate order of removal to Tanzania would take effect. The IJ also ordered that a bond of $500 be posted with the INS before October 9, 2002, or the order of removal would take effect.

Hango did not appeal the decision, but neither did he leave the United States. He claims that he tried to post the bond on two occasions, but that no bond processor was available. Meanwhile, on January 28, 2003, he remarried, this time to Twilla Hango, a United States Citizen, and once again sought permanent residence on this basis. On November 3, 2003, Hango filed an untimely motion to reopen his case, arguing that "exceptional circumstances" made his case "eligible for [sua sponte] reopening" by the IJ. The IJ denied the motion to reopen on November 28, 2003, after finding that Hango "failed to file a timely motion to reopen."

Hango filed an appeal with the BIA on December 22, 2003, arguing that the IJ abused her discretion in denying his motion to reopen. On February 20, 2004, the BIA affirmed the IJ's decision without issuing an opinion. On May 28, 2004, the BIA reissued the decision, treating it as though it were entered on that date.

Hango, meanwhile, was detained by immigration authorities, who obtained an emergency travel document from Tanzania, and sought to remove him by commercial flight from Newark, New Jersey, on May 12, 2004. Hango resisted and the airline refused to fly

him without an escort.  While Hango was in New Jersey, he filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey.  He requested an immediate stay of the order of removal and a review of the BIA's and IJ's denials of his motion to reopen.  The district court initially dismissed the petition, but after the REAL ID Act became law on May 12, 2005, the district court transferred the case to this court pursuant to 8 U.S.C. § 1252(a)(5).  Accordingly, Hango's § 2241 habeas corpus petition was converted into a petition for review before this court.

On June 6, 2005, several days after the district court ordered the case transferred to this circuit, Hango filed a motion for the BIA to reopen and reconsider its May 28, 2004, decision not to reopen or to exercise its "sua sponte" authority on the theory that he was now eligible for adjustment of status due to his marriage to Twilla Hango.  On June 30, 2005, the BIA denied the motion as "untimely" and refused to exercise its sua sponte authority.  Hango does not appear to have made any appeal from the BIA's June 30, 2005, determination.

## II.

The denial of a motion to reopen is reviewed for an abuse of discretion.  Haddad v. Gonzales, 437 F.3d 515, 517 (6th Cir. 2006).  This standard requires us to "'decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'"  Id. (internal quotation marks and citations omitted).  Furthermore, a motion to reopen "must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion."  8 C.F.R. §§ 1003.23(b)(1) and 1003.2(a).

In this case, the November 3, 2003, motion to reopen was filed with the IJ more than a year after the original decision and well beyond the applicable 90-day time period. Hango's argument that this court should overturn the denial, which was based on untimeliness, is unconvincing. He claims that the IJ "abused her discretion by failing to reopen and conduct an evidentiary hearing" on the refusal of the INS to accept his bond money and that the BIA erred by affirming this. Instead of addressing the regulatory exceptions for an untimely petition under 8 C.F.R. §§ 1003.23(b)(4) or 1003.2(c)(3), Hango relies on In re X-G-W, 22 I. & N. Dec. 71 (BIA 1998), where the BIA reopened an immigration case even though the appropriate regulation for reopening—8 C.F.R. § 1003.2(c)(2)—offered no relief to the petitioner. In so doing, the BIA relied upon its "limited discretionary powers" to act sua sponte. X-G-W, 22 I. & N. Dec. at 73.

Hango's reliance on this case is mistaken. Not only was the exception in X-G-W specifically crafted for asylum claims based on population control policies, but the BIA has since abandoned the holding. See In re G-C-L, 23 I. & N. Dec. 359, 361-62 (BIA 2002). Further, X-G-W was an exercise of the BIA's sua sponte authority, and this court refused to review a similar matter in Harchenko v. INS, 379 F.3d 405, 410 (6th Cir. 2004), after noting that "[t]he decision whether to invoke sua sponte authority is committed to the unfettered discretion of the BIA."

In sum, we cannot find that the agency abused its discretion by dismissing such a long overdue motion to reopen, nor can we interpose our will over that of the agency in the exercise of its sua sponte authority.

The second motion to reopen and reconsider, which Hango filed with the BIA on June 6, 2005, was denied by the BIA on June 30, 2005, yet there is no indication in the

record that Hango appealed that decision to this court. Despite this, he argues that this court is not "absolutely barred" from reviewing the merits of the June 30, 2005, BIA decision because the joint appendix of this appeal includes the administrative record related to his June 6, 2005, motion. We find no authority for this proposition. While the Supreme Court has instructed that an alien who seeks review of a BIA petition in the courts "may also seek agency reconsideration of the order" as well as court "review" of that reconsideration, and that "[w]here the original petition is still before the court, the court shall consolidate the two petitions," the Court has steadfastly reaffirmed that such "review" must be sought within the applicable time limit or a court of appeals lacks jurisdiction over the matter. Stone v. INS, 514 U.S. 386, 405-06 (1995). This includes "two separate petitions filed to review two separate final orders." Id. at 405. In this case, Hango filed no appeal of the BIA's June 30, 2005, decision and made no indication that he sought review of it other than to reference the agency decision in the merit arguments of his October 26, 2005, brief. As the applicable time limit of 30 days has long since expired, this court does not have jurisdiction to review the June 30, 2005, order of the BIA. See Prekaj v. INS, 384 F.3d 265, 268 (6th Cir. 2004).

**III.**

For the above reasons, we **DENY** Andrew Hango's petition for review of the BIA's order.