NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0527n.06
Filed: July 25, 2007

No. 06-3431

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GASPER PALUSHAJ, LIZE )
PALUSHAJ, DORINA PALUSHAJ, )
and DIANA PALUSHAJ, )
 )
    Petitioners-Appellants, ) ON PETITION FOR REVIEW FROM THE
 ) BOARD OF IMMIGRATION APPEALS
v. )
 ) OPINION
ALBERTO GONZALES, Attorney General, )
 )
    Respondent-Appellee. )
 )

**Before: MOORE and GILMAN, Circuit Judges; and FORESTER, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge**. Gasper Palushaj, an ethnic Albanian from Kosovo in the former republic of Yugoslavia, seeks review of a final order issued by the Board of Immigration Appeals (BIA) that denied his motion to reopen the removal proceedings brought against him by the Immigration and Naturalization Service. His wife Lize and their two daughters, Dorina and Diana, join his petition as derivative applicants. Palushaj's initial application for asylum was denied after the Immigration Judge (IJ) found him not to be credible, a decision that was affirmed by both the BIA and a prior panel of this court. The sole issue now on appeal is whether

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the BIA abused its discretion in denying Palushaj's motion to reopen his immigration proceedings.

For the reasons set forth below, we **DENY** the petition for review.

## I. BACKGROUND

The basic facts of this case are set forth in this court's earlier opinion, which granted

Palushaj's petition for review (regarding the BIA's denial of his motion to reopen) and remanded

the matter to the BIA:

> The Petitioner and his family are ethnic Albanians from Kosovo in the former republic of Yugoslavia. They entered the United States on or about May 5, 2000 in San Diego, California, crossing the border from Mexico using fraudulent Austrian passports. On August 24, 2000, they filed claims for asylum, withholding of removal, and relief under the Convention Against Torture. On October 4, 2000, an asylum officer from the Immigration and Naturalization Service (now the Department of Homeland Security) interviewed Petitioner, found him not credible, and referred his application to an immigration judge ("IJ").
>
> Two days later, the INS issued Notices to Appear to the Petitioner and his family, charging them with entering the United States without a valid visa or document for entry. A removal hearing was held on October 31, 2000. Through counsel, Petitioner conceded removability and renewed his applications for asylum, withholding of removal, and protection under the Convention Against Torture. At the last hearing, an IJ denied the Petitioner's applications and ordered the Palushajs removed from the United States.
>
> . . .
>
> On June 12, 2002, Petitioner's original counsel, Shulman, appealed the IJ's decision to the BIA. On June 26, 2003, the BIA affirmed the IJ's decision without opinion. On July 15, 2003, Shulman's legal assistant, Gina Szydlowski, apparently mailed a copy of the decision to Petitioner. Shulman maintains that he mailed the decision to the Petitioner's home address: 2417 Burger Street in Hamtramck,

> Michigan. The letter from Szydlow[s]ki, however, indicated that the letter was mailed to 2733 Belmont in Hamtramck.
>
> Petitioner obtained new counsel who filed a motion to reopen the proceedings, as his 30-day window to petition for review of the BIA's decision had expired by the time Petitioner received the BIA decision. The motion to reopen simply asked the BIA to reissue its decision to allow Petitioner to timely appeal, noting that the failure to timely appeal was due to previous counsel's error in mailing the BIA decision to the wrong address. The BIA denied the motion to reopen, noting that it had properly served Petitioner with a copy of its decision by mailing it to his attorney as required by the relevant regulations. Petitioner timely filed the instant petition with this Court, challenging the BIA's denial of his motion to reopen.

Shulman, Palushaj's original attorney, had affirmatively represented to the BIA in an earlier letter that Palushaj failed to provide Shulman with his new address. Because a review of the record revealed that Shulman's representation was incorrect, this court held that the BIA "erred in concluding that Petitioner failed to provide Shulman with his new address." We thus remanded the matter to the BIA "to permit it to consider Petitioner's motion to reopen with the knowledge that Petitioner did not fail to update his address."

On remand, the BIA withdrew its earlier order because of this factual error and acknowledged that it could not determine with certainty whether Shulman had mailed the BIA's decision to Palushaj's "newest, correct address." It once again denied the motion to reopen, however, because the original decision had been properly mailed to Shulman and service on a petitioner's attorney is all that is required under the applicable federal regulation. Palushaj has timely appealed.

## II. ANALYSIS

**A.      Standard of review**

We review "the BIA's decision to grant or deny a motion to reopen under the abuse-of-discretion standard." *Mansour v. Gonzales*, 470 F.3d 1194, 1197 (6th Cir. 2006). "Abuse-of-discretion review requires us to decide whether the denial of the motion was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (quotation marks omitted). The BIA's interpretation of immigration law and accompanying regulations is accorded substantial deference that "will be upheld unless the interpretation is arbitrary, capricious, or manifestly contrary to the statute." *Id.* Because the petitioner did not timely appeal the BIA's decision on the merits of his claim, we have jurisdiction to review only the BIA's decision denying the motion to reopen the proceedings. *See Prekaj v. I.N.S.*, 384 F.3d 265, 267-68 (6th Cir. 2004) (holding that the alien's failure to timely seek judicial review of the BIA's underlying order of removal limits this court's jurisdiction to consideration of whether the BIA abused its discretion in denying the petitioner's motion to reopen).

## B. Denial of the motion to reopen

Palushaj and his family argue that the BIA abused its discretion in denying the motion to reopen because they had "not only provided the Board with ample evidence to prove that their attorney's misconduct and affirmative misstatements cost them the opportunity to appeal the Immigration Judge's substantive opinion, but also they demonstrated the underlying prima facie evidence necessary to show that 'but for' the attorney's failure to notify them of the Board's decision they could have prevailed on appeal." Most of Palushaj's brief is devoted to reiterating his

substantive asylum claims, none of which are before us on this appeal. Instead, the sole issue under consideration is whether the BIA abused its discretion in denying Palushaj's motion to reopen.

The only relief sought by Palushaj in his motion to reopen is for the BIA to reissue its June 26, 2003 decision, which summarily affirmed the IJ's decision denying Palushaj's application for asylum and, by extension, the derivative applications of his family. This would allow the Palushajs to seek judicial review of the merits of their case.

The BIA's initial denial of the motion to reopen, in its order dated November 13, 2003, rested on two separate grounds: (1) the BIA's conclusion that Palushaj failed to notify Shulman of his new address, and (2) that the BIA properly served Shulman, which constitutes service on Palushaj under the applicable immigration regulation. Upon reconsideration in March of 2006, the BIA held that whether Palushaj had in fact notified his attorney of his new address was not critical to its decision. It denied Palushaj's motion once again, reasoning that "[t]he critical fact is that our decision was correctly mailed to [Palushaj's] attorney of record, as required by federal regulations."

The key regulation is 8 C.F.R. § 1292.5(a), which provides that

> [w]henever a person is required by any of the provisions of this chapter to give or be given notice; to serve or be served with any paper other than a warrant of arrest or a subpoena; . . . [then] such notice [or] service shall be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented.

Palushaj does not dispute that the BIA timely served notice on Shulman, Palushaj's then attorney of record, of its original decision denying Palushaj's petition on the merits. This effectively constituted notice to Palushaj under the applicable regulation. *See Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir.

2003) (affirming the denial of the petitioner's motion to reopen his deportation proceedings where the petitioner admitted that his then attorney of record received timely notice of the deportation hearing).

Palushaj must satisfy a heavy burden of proof to show that reopening his deportation proceedings is warranted. *See INS v. Abudu*, 485 U.S. 94, 111 (1988) ("The appropriate analogy [to an alien's motion to reopen] is a motion for a new trial in a criminal case on the basis of newly discovered evidence, as to which courts have uniformly held that the moving party bears a heavy burden."). We conclude that he has offered no facts to establish that the BIA abused its discretion in denying his motion.

## III.  CONCLUSION

For all of the reasons set forth above, we **DENY** the petition for review.