NOT RECOMMENDED FOR PUBLICATION
File Name: 11a0055n.06

**No. 09-3795**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 25, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| BRIGITTE SIMWAKA, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., | ) | |
| | ) | |
| Respondent. | ) | |

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Petitioners Brigitte Simwaka ("Simwaka") and her children,[1] natives and citizens of Malawi, seek review of a Board of Immigration Appeals ("BIA") order denying their motion to reopen their removal proceedings. For the following reasons, we **DENY** the petition.

I.

Simwaka entered the United States in 2001 as a non-immigrant visitor for pleasure. She remained longer than permitted and applied for asylum, withholding of removal, and protection under the Convention Against Torture. She sought relief based on her family's involvement with the Malawi Congress Party ("MCP"), which lost power to the United Democratic Party in 1994.

In 2007, Simwaka appeared *pro se* before an immigration judge ("IJ"). She testified that, after the 1994 election, policemen and soldiers searched her house and assaulted her father, who was

---

[1]The claims of Simwaka's two children are derivative of her claims. This opinion will refer to the lead petitioner.

a chairman in the MCP. She also reported that she was attacked following meetings, that she had stones thrown at her house, and that her sister was raped.

The IJ denied Simwaka's applications for relief and ordered her removed to Malawi. He found Simwaka credible, but her testimony confusing and without corroboration. Simwaka timely appealed to the BIA.

While her appeal was pending, Simwaka obtained counsel through the BIA Pro Bono Appeal Project. To substantiate Simwaka's claims, her attorney emailed a doctor at Queen Elizabeth Hospital in Malawi, requesting Simwaka's medical records for treatment of a burn in 2001. The email informed the doctor that Simwaka was seeking political asylum in the United States. The doctor responded that he would check the burns unit and get back to Simwaka's attorney.

Distressed by the doctor's knowledge of her status as an asylum applicant, Simwaka filed a letter in the BIA alleging that her attorney's disclosure increased her risk of persecution. The attorney then withdrew.

In 2008, the BIA dismissed Simwaka's appeal, finding that Simwaka had failed to establish past persecution or a well-founded fear of persecution. It also rejected Simwaka's argument that was premised on her attorney's contact with the doctor in Malawi.

Simwaka did not file a petition for review of that decision in this court. Instead, she filed a motion to reopen in the BIA, alleging that her attorney violated 8 C.F.R. § 208.6.[2] The BIA denied

---

[2]8 C.F.R. § 208.6 states, in pertinent part, "Information contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant . . . . The confidentiality of other records kept by the Service and the Executive Office for Immigration Review that indicate that a specific alien has applied for asylum . . . shall also be protected from disclosure."

the motion to reopen, reasoning that Simwaka (1) failed to meet the requirements for ineffective assistance of counsel; (2) failed to submit a written application (Form I-589) with the motion as required by 8 C.F.R. § 1003.2(c)(1); and (3) failed to demonstrate a prima facie case of eligibility for the underlying relief sought.

## II.

Simwaka's *pro se* petition seeks review only of the denial of her motion to reopen. In her brief filed by her new counsel, however, four of the five arguments relate to the initial proceedings before the IJ and BIA. We do not have jurisdiction to consider these four arguments because Simwaka did not timely challenge the BIA's initial decision. 8 U.S.C. § 1252(b)(1) (providing a 30-day deadline); *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (holding that the "statutory time limit is both mandatory and jurisdictional") (internal quotation marks omitted). Our review is therefore limited to the BIA's denial of the motion to reopen. *See Prekaj*, 384 F.3d at 267-68.

## III.

We review the denial of a motion to reopen for abuse of discretion and a claim of ineffective assistance of counsel *de novo*. *Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005).

The BIA determined that Simwaka failed to meet the requirements for establishing ineffective assistance of counsel. These requirements are: "(1) that the motion be supported by an affidavit detailing counsel's failings, (2) that counsel be informed of the allegations, and (3) that the motion show that disciplinary charges have been filed with the appropriate authority." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (citing *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988)).

Simwaka did not meet these requirements and therefore did not set forth a viable claim for ineffective assistance of counsel.

In her petition for review, Simwaka asserts that her motion to reopen was based on a violation of 8 C.F.R. § 208.6 rather than ineffective assistance of counsel. This provision does not help Simwaka because, as acknowledged in her brief, it applies to disclosure by the government, not an alien's private counsel.

The BIA also denied Simwaka's motion because she failed to submit a written application (Form I-589) with the motion as required by 8 C.F.R. § 1003.2(c)(1). This regulation provides, "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). The failure to "append an application for asylum to [a] motion to reopen" means the "motion to reopen is, at a minimum, procedurally defaulted." *Liu v. Holder*, 560 F.3d 485, 491 (6th Cir. 2009). Simwaka did not attach an application for relief and, as a result, did not comply with the procedural requirements for filing a motion to reopen. The BIA was therefore within its discretion to deny her procedurally defaulted motion.

The petition for review is **DENIED**.