NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0355n.06

No. 10-4095

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 04, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LING DAN ZHAN, aka Ling Dan Ghan, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

**PER CURIAM**. Ling Dan Zhan, a citizen of China from Fujian Province, petitions for review of **a** decision **by** the Board of Immigration Appeals (Board), denying her motion to reopen her removal proceedings.

Zhan attempted to enter the United States with a fraudulent passport on September 17, 2003. She applied for asylum on December 1, 2003, **based on** her parents' practice of Falun Gong. An immigration judge **(IJ)** denied her **asylum** application at a hearing on March 7, 2005, finding that Zhan was not credible and had not met her burden of proof. The Board affirmed the IJ's **decision on** July 6, 2006, and Zhan did not file an appeal.

On January 4, 2010, Zhan filed a motion to **reopen, and applications** for asylum, withholding of removal, and relief under the Convention Against Torture. **The basis for relief was** that **Zhan** had **become a Protestant and that China** had increased its persecution of unauthorized house churches. Zhan included an affidavit, a letter from a relative who had been detained, and various documents on religious freedom in China. The Board denied the motion **to reopen** as untimely, reasoning that a change in personal circumstances was insufficient **to obtain relief. The**

**Board also found** that Zhan had not presented credible evidence of increased persecution in Fujian Province. The Board gave "very little weight" to the relative's letter in light of the prior credibility finding against Zhan. The Board found no change in **the country's** conditions **based upon** a 2009 State Department report describing detention of Protestants in some areas of China. **The Board found that the 2009 report** essentially reiterated a 2005 report. Zhan then filed a petition for review in this **Court.**

**We lack jurisdiction** to review the Board's July 6, 2006, order affirming the IJ's denial of the asylum application because Zhan did not petition this **Court** for review of the Board's order. Although she subsequently filed a motion to reopen, the motion did not toll the thirty-day time period within which she was required to petition for review of the Board's first order. *See* 8 U.S.C. § 1252(b)**(1);** *Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004).

On appeal, Zhan **argues** that the Board erred by requiring her to provide corroborating evidence for the letter without also finding that police reports are routinely issued to detainees. She also complains that the Board failed to explain why other documentary evidence did not establish a **change in the country's conditions**. Zhan argues that the **2008** Annual Report of the Congressional-Executive Commission on China stated that Chinese government officials had called for increased surveillance of religious groups; that China's 2008 pre-Olympics campaign against unregistered Protestant churches did not thereafter abate; and that churches in Fujian Province had been targeted by public security personnel. Zhan also argues that the Annual Report of Persecution by the Government on Christian House Churches within Mainland China, published by **the ChinaAid Association** in January 2009, stated that the number of Christians persecuted in China increased by 157 percent in 2008.

Upon review, we conclude that the Board did not abuse its **discretion. The Board** properly reasoned that **Zhan's** motion to reopen did not satisfy the exception to the ninety-day filing requirement because Zhan has not shown **a change in China's** conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Bi Feng Liu v. Holder*, 560 F.3d 485, **490** (6th Cir. 2009). First, the Board

acted within its discretion by discrediting the relative's letter in reliance on the prior credibility finding against Zhan. *See Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008). **Zhan's** lack of any attempt to rehabilitate her credibility also supports the Board's finding. *See id.* The Board did not discredit the letter based on the lack of corroborating **evidence. Thus, we** need not consider whether it would be reasonable to expect an alien to provide a copy of a police report. *See Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004).

Second, the Board had no obligation to discuss every report and document that Zhan filed. *See Zhang*, 543 F.3d at 854-55. **The Board** was, however, obligated to provide a reasoned **decision, which it did.** *See id.* Regardless, the other reports did not constitute material evidence that Zhan faced an individualized risk of persecution from changed country conditions. ***See Harchenko** v. INS*, 379 F.3d 405, 410 (6th Cir. 2004). The Congressional-Executive Commission report quoted a single official as calling for oversight of religious leaders, religious activity, and sites of worship. This statement, at most, constitutes an attempt to intimidate the general population. *See id.*; *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998). The report's discussion on the continuance of the pre-Olympics campaign did not include any incidents in Fujian Province. While the report later mentioned the targeting of churches in Fujian, this was limited to a particular movement known as the "Local Church." Zhan does not allege that she has been or would become involved in the Local Church. Rather, her affidavit and other documents show an affiliation with the United Methodist Church. Similarly, the **ChinaAid Association** report referenced incidents of persecution in various provinces and regions of China, but had no discussion of any persecution in Fujian Province. Thus, Zhan has not shown an individualized risk of persecution from current country conditions in China. Moreover, she has not **established a change in the country's conditions.** *See Bi Feng Liu*, 560 F.3d at **491. A change** in personal **circumstances, without** evidence of **a change in the country's conditions,** is insufficient to warrant **reopening.** *Id.* at 492.

The petition for review is denied.