NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0991n.06

No. 13-3090

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PJETER LLESHI,                                          )
ANTONETA LLESHI,                                        )
                                                        )
      Petitioners,                                     )
                                                        )
v.                                                      )
                                                        )
ERIC H. HOLDER, JR., Attorney General,                 )
                                                        )
      Respondent.                                      )

**FILED**

Nov 20, 2013

DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

Before:  DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge.  Pjeter and Antoneta Lleshi seek review of the Board of Immigration Appeals' denial of their motion to reopen and reconsider their applications for humanitarian asylum.  We deny the petition.

Pjeter and Antoneta Lleshi—and their children, Marjana and Dhimitri—are Albanian citizens.  Pjeter and Antoneta were pro-democracy activists in communist Albania.  As a result, they were repeatedly beaten and abused by the Albanian police.  In 1995, the Lleshis left Albania for Greece.  There, a handful of men, who the Lleshis believe were members of the Albanian secret police, severely beat Pjeter with a metal rod.

Pjeter entered the United States in 1999; Antoneta and the children followed in 2001.  They later filed applications for humanitarian asylum, arguing that they had suffered past persecution in Albania and would suffer future persecution and other serious harm if they returned.  Although an

immigration judge initially granted their applications, the BIA remanded the case and ordered the IJ to make additional factual findings. On remand, a different IJ made those findings and denied the Lleshis' applications. The BIA affirmed that decision on May 28, 2010. The Lleshis then filed a petition for review, which we denied. *See Lleshi v. Holder*, 460 F. App'x 520 (6th Cir. 2012).

On July 30, 2012, the Lleshis filed a motion to reopen and reconsider their applications for humanitarian asylum. The BIA denied the motion on the ground that it was untimely, and further explained that it would have denied the motion on the merits in any event. The Lleshis then filed this petition for review. Pursuant to the parties' stipulation, we remanded the case with respect to Marjana and Dhmitri so that the BIA could "administratively close their removal proceedings" pursuant to the Deferred Action for Childhood Arrivals Program. (Under that program, persons who illegally entered the United States as children may have their removal proceedings delayed if they meet certain conditions.) Accordingly, the petition before us now concerns only Pjeter and Antoneta.

We review the BIA's denial of the Lleshis' motion for an abuse of discretion. *See Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). The BIA denied the Lleshis' motion as untimely. A motion to reconsider must be filed "within 30 days of the date of entry of a final administrative order of removal[,]" without exception. 8 U.S.C. § 1229a(c)(6)(B). Subject to certain "narrow exceptions," a motion to reopen must be filed within 90 days of the same date. The exceptions are as follows: (1) cases in which the BIA reopens proceedings sua sponte; (2) cases in which all of the parties agree to reopen; (3) cases in which there are changed circumstances in the country to which

the alien is to be removed; and (4) certain cases in which the decision was issued in absentia. *See Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008); 8 C.F.R. § 1003.2 (a), (c)(3).

Here, the "final administrative order of removal" was the BIA's May 28, 2010 decision. The Lleshis filed their motion to reconsider and reopen more than two years later, on July 30, 2012. There are no exceptions to the 30-day deadline to file a motion to reconsider, which means that the BIA did not abuse its discretion in denying the motion as untimely. *See Prekaj v. I.N.S.*, 384 F.3d 265, 268 (6th Cir. 2004). As to the motion to reopen, the Lleshis argue only that the BIA's decision in *Matter of L-S-*, 25 I&N Dec. 705 (BIA 2012), amounts to a change in the law that warrants reopening of the BIA's decision to deny their applications. But a change in the law is not one of the exceptions to the 90-day deadline to file a motion to reopen. Thus, the BIA did not abuse its discretion in denying the motion as untimely.

The petition for review is denied.