NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0453n.06

No. 21-3065

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SIDI MUHAMMAD NJIE,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 06, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: ROGERS, GRIFFIN, and THAPAR, Circuit Judges.

PER CURIAM. Sidi Muhammad Njie petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reconsider its prior order dismissing his appeal from the denial of his application for cancellation of removal and denying his motion to remand. As set forth below, we **DENY** the petition for review.

Njie, a native and citizen of The Gambia, entered the United States in October 2002 as a non-immigrant visitor with authorization to remain for a temporary period not to exceed six months. He did not leave the country when that temporary period expired. In April 2017, the Department of Homeland Security served Njie with a notice to appear in removal proceedings, charging him with removability as an alien who had remained in the United States for longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). When he appeared before an immigration judge (IJ), Njie admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Njie filed an application for cancellation of removal, asserting that his removal would result in exceptional and extremely unusual hardship to his spouse and children, all United States citizens. *See* 8 U.S.C. § 1229b(b)(1). At the merits hearing, Njie and his current wife testified in support of his application. Following the hearing, the IJ issued a written decision denying Njie's application but granting him voluntary departure. The IJ found that Njie had failed to establish his statutory eligibility for cancellation of removal because he had failed to satisfy his burden to demonstrate that he had been a person of good moral character for the ten years preceding his application. *See id*. § 1229b(b)(1)(B). The IJ based this determination on a 2013 interview with the United States Citizenship and Immigration Services (USCIS) during which Njie and his former wife, Denise Flynn, made discrepant statements under oath relating to whether their marriage was bona fide. *See id*. § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter.").

Njie filed an appeal to the BIA and, while that appeal was pending, a motion to remand to the IJ based on new evidence—Flynn's new affidavit attesting to the bona fide nature of their marriage. The BIA dismissed the appeal, concluding that the IJ's finding that Njie gave false testimony was not clearly erroneous. The BIA denied the motion to remand because the affidavit failed to demonstrate that Njie and Flynn provided consistent answers to the USCIS officer during the 2013 interview and therefore failed to demonstrate Njie's good moral character. Finally, the BIA rejected Njie's argument that his due process rights were violated by the government's submission of documents relating to the USCIS interview during the hearing. The BIA pointed out that, prior to the hearing, the government served Njie's counsel with Exhibit 4, which contained USCIS documents detailing the inconsistencies from the interview, and therefore provided notice

that the inconsistencies could be a potential issue at the hearing. The BIA acknowledged that the government submitted additional documents containing notes from the USCIS interview, Exhibit 13, at the end of the hearing but noted that Njie did not object to the admission of that evidence.

Njie did not file a petition for review of the BIA's order. Instead, Njie filed a motion for reconsideration, asserting that the BIA made three errors in its decision: (1) the IJ did not find that he made false statements to the USCIS officer, (2) he had objected to Exhibit 13, and (3) Exhibit 4 did not provide notice of Exhibit 13. The BIA denied Njie's motion. This timely petition for review followed.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Yeremin v. Holder*, 738 F.3d 708, 718 (6th Cir. 2013). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).

In support of his motion for reconsideration, Njie first argued that the BIA erred in stating that the IJ found that he made false statements to the USCIS officer. The IJ instead found that the record was unclear as to "which narrative—that of Ms. Flynn or that of the Respondent—was truthful," and that Njie had therefore failed to satisfy his burden to demonstrate the requisite good moral character. In denying Njie's motion for reconsideration, the BIA concluded that any error in its prior order was harmless. The BIA found no clear error in the IJ's finding that Njie and Flynn provided discrepant answers under oath during the USCIS interview and agreed with the IJ that, in light of those discrepancies, Njie had failed to meet his burden of proof to establish the requisite good moral character. *See* 8 U.S.C. § 1229a(c)(4)(A)(i) ("An alien applying for relief or protection from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements."); *see also Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (recognizing that "evidentiary gaps" in the record "work against the alien seeking relief from a

lawful removal order" just as they "work against the government in criminal cases"). The BIA acted within its discretion in determining that any error was harmless.

Njie next argued that the BIA erred in stating that he did not object to the admission of Exhibit 13. The BIA clarified on reconsideration that Njie's counsel did not object to the admission of the interview notes contained in Exhibit 13 for the purpose of impeachment or rebuttal but then objected when the government asserted that Njie's handwritten statement at the end of the exhibit rebutted his testimony about a proxy marriage. Njie asserts that he cannot "make heads or tails" of the BIA's explanation, but the BIA adequately explained that counsel's objection went to the handwritten statement rather than the interview notes.

Finally, Njie argued that the USCIS decisions contained in Exhibit 4 were unreliable and failed to provide notice of the interview notes contained in Exhibit 13. The BIA rejected Njie's argument after concluding that the decisions were prepared by the USCIS in the regular course of business and thus presumptively reliable. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (explaining that there is a presumption of regularity that public officers have properly discharged their duties). The BIA also made the reasonable determination that those decisions detailed the inconsistencies from the USCIS interview and provided notice that the inconsistencies could be a potential issue at the hearing. Moreover, Njie has forfeited any challenge to the BIA's conclusion by failing to raise any argument about Exhibit 4 in his brief in support of his petition for review. *See Santos-Santos v. Barr*, 917 F.3d 486, 491 (6th Cir. 2019).

In his brief, Njie argues that the BIA abused its discretion in refusing to remand to the IJ to allow him to present Flynn's affidavit and carry his burden of proof as to good moral character. Because Njie did not file a petition for review of the BIA's order denying his motion to remand, we lack jurisdiction to consider his argument challenging that decision. *See, e.g., Wajda v. Holder*, 727 F.3d 457, 461-62 (6th Cir. 2013); *Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004). Our

review is limited to the BIA's order denying Njie's motion for reconsideration, which did not assert any specific errors in the BIA's denial of his motion to remand. *See Wajda*, 727 F.3d at 462; *Prekaj*, 384 F.3d at 268.

Njie has failed to show that the BIA abused its discretion in denying his motion for reconsideration. Accordingly, we **DENY** Njie's petition for review.