<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0232n.06

No. 16-3856

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KIALA LUKOMBO; MANZANI KIALA; | ) | **FILED** |
| CRISTINA KITATA SIMAO LUKOMBO; | ) | Apr 21, 2017 |
| CLEMENTE KIALA LUKOMBO, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Petitioners, | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
|  | ) | APPEALS |
|  | ) |  |
| JEFF B. SESSIONS, U.S. Attorney General, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

BEFORE: GUY, SILER, and DONALD, Circuit Judges.

PER CURIAM. Kiala Lukombo, his wife Manzani Kiala, and two of their four minor children petition this court for review of an order of the Board of Immigration Appeals (BIA) reaffirming the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As set forth below, we deny the petition for review.

The Lukombo family, natives and citizens of Angola, entered the United States in January 2012 as nonimmigrant visitors for pleasure with authorization to remain for a temporary period not to exceed six months. In December 2012, Lukombo filed an application for asylum, withholding of removal, and CAT protection, asserting that he was targeted in Angola as a refugee to the Democratic Republic of Congo during Angola's civil war and as a member of the opposition party. Lukombo's wife and children sought relief as derivative applicants. The Department of Homeland Security subsequently served the Lukombo family with notices to

appear in removal proceedings, charging them with removability as nonimmigrants who had remained in the United States for a time longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Appearing before an immigration judge (IJ), the Lukombo family admitted the factual allegations in the notices to appear and conceded removability as charged.

At the merits hearing, Lukombo and Kiala testified about three incidents in Angola upon which they based their applications for relief. In August 2010, four police officers broke into their house and called them "Longa," a derogatory term for people who had fled Angola. The officers beat Lukombo and tied him up. Three of the officers took turns raping Kiala, who was pregnant and miscarried. When their daughter entered the room, an officer hit her, and she fell and cut herself on a glass table. In November 2010, police officers again came to their home when Lukombo was there alone. The officers beat Lukombo, called him "Longa," and took the family's passports. In September 2011, Lukombo participated in a youth-organized march to protest the president and social injustice. Over a week later, Lukombo was arrested by police officers who, after beating him and taking his clothes, took him to a prison. Lukombo learned from other prisoners that they had been arrested because of their participation in the march. After five days, an acquaintance helped Lukombo escape from the prison in exchange for $5000.

The Lukombo family requested a continuance to call a corroborating witness. Granting the continuance, the IJ "delineate[d] the implausible aspects and inconsistencies that might lead the Court to believe that your application is frivolous" and invited them to address these issues in the future. After reconvening on two more occasions, the IJ denied the Lukombo family's applications for relief and ordered their removal to Angola. The IJ found that the asylum application was frivolous and that Lukombo and Kiala were not credible. The IJ further found that, even if credible, they had not met their burden of proof.

The BIA dismissed in part and sustained in part the Lukombo family's appeal. The BIA affirmed the IJ's determination that they had failed to establish eligibility for asylum, withholding of removal, and CAT protection on the basis of the adverse credibility finding but reversed the IJ's finding that the asylum application was frivolous. The Lukombo family petitioned this court for review of the BIA's order. Thereafter, the Lukombo family moved the BIA to reopen the removal proceedings based on new evidence and for reconsideration based on a change in the BIA's precedent. The BIA denied their motion.

While the Lukombo family's motion to reopen and reconsider was pending before the BIA, the government moved this court to remand the petition for review to allow the BIA to consider the adverse credibility finding. This court granted the government's unopposed motion. *Lukombo v. Lynch*, No. 15-3586 (6th Cir. Jan. 22, 2016). On remand, the BIA again upheld the IJ's adverse credibility finding and reaffirmed the denial of Lukombo and his family's applications for relief. This timely petition for review followed.

As an initial matter, the Lukombo family contends that the BIA violated this court's remand order and denied them due process by considering the wrong decision—its order denying their motion to reopen and reconsider rather than the adverse credibility determination. In its post-remand decision, the BIA "considered the entire record of proceedings" and reaffirmed its prior decision upholding the IJ's adverse credibility determination. The BIA addressed the argument raised in the Lukombo family's motion to reopen and reconsider that the BIA failed to address their claim based on political opinion and analyzed the IJ's adverse credibility determination on facts underlying their other claim based on membership in a particular social group. The BIA concluded that "the Immigration Judge did not distinguish between the two claims, but rather found that the respondents' overall testimony was not worthy of belief in light of the numerous discrepancies in the record." Contrary to the Lukombo family's argument, the

BIA did not restrict its post-remand decision to the record relating to their motion to reopen and reconsider and instead considered the entire record.

The Lukombo family further argues that the BIA erred in considering the credibility of documents submitted in support of their motion to reopen and reconsider as part of the adverse credibility determination. In a footnote in its post-remand decision, the BIA summarized its reasons for denying the Lukombo family's motion to reopen and reconsider, including its finding that their new documents were unreliable. *See Mohamed v. Holder*, 542 F. App'x 446, 449 (6th Cir. 2013) (holding that the BIA has broad discretion to consider the credibility of documents submitted in support of a motion to reopen). The BIA did not reconsider that finding. To the extent that the Lukombo family attempts to challenge the BIA's order denying their motion to reopen and reconsider, we lack jurisdiction to consider their arguments because they failed to file a petition for review of that decision. *See Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004).

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.* The Lukombo family argues that the BIA's post-remand decision summarily adopted the IJ's adverse credibility determination, allowing this court to review the IJ's decision directly. In its post-remand decision, the BIA expressly reaffirmed its prior decision, which upheld the IJ's adverse credibility determination based on certain discrepancies cited by the IJ. Our review focuses on those discrepancies. *See Marouf v. Lynch*, 811 F.3d 174, 181 (6th Cir. 2016) ("[T]he conclusions of the IJ that were adopted by the Board . . . are the proper foci of review."). We review the adverse credibility determination for substantial evidence, reversing "only if any

reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011).

In upholding the IJ's adverse credibility determination, the BIA noted that Lukombo's and Kiala's testimony about the August 2010 incident differed from their witness's testimony and the medical records. Lukombo and Kiala testified that four police officers broke into their house around 1 a.m. and beat Lukombo and tied him up, that three officers took turns raping Kiala, and that an officer hit their daughter, causing her to fall and cut herself on a glass table. One of the men wore a police uniform while the other three were dressed in civilian clothes. According to Lukombo, the incident lasted 20 to 25 minutes. A licensed professional counselor provided an affidavit and testified that Lukombo and Kiala told him that three police officers, two wearing uniforms and one wearing civilian clothes, broke into their home and attacked them. When asked whether these details were correct, the counselor testified that he met with Lukombo on fourteen occasions and that he was "always consistent" in his account of what happened in Angola. Lukombo, Kiala, and their daughter sought medical treatment after the August 2010 attack. Kiala's medical record incorrectly listed her age and stated that she had been "assaulted by a group of armed unknown men for about one hour." The family did not submit any medical records corroborating Lukombo's and his daughter's injuries.

In support of their petition for review, the Lukombo family contends that their doctor's affidavit and testimony confirmed their mistreatment. The doctor testified that she examined Lukombo, Kiala, and their daughter and that their scars and other injuries were consistent with the story that they related to her. The IJ acknowledged the doctor's opinion, which was based on the Lukombo family's story, which the IJ found to lack credibility. The Lukombo family also argues that the BIA erroneously concurred with the IJ in finding no evidence that Lukombo and his daughter sought medical treatment after the August 2010 incident. The Lukombo family

submitted illegible prescriptions for Lukombo and his daughter. As the IJ correctly pointed out, those documents did not confirm the injuries purportedly suffered by them.

The BIA went on to address other discrepancies found by the IJ. Lukombo and Kiala testified that, after the August 2010 incident, she and their children went to live with her cousin Nono. The Lukombo family submitted a letter from Nono, which referred to Kiala as her sister and Lukombo as her brother-in-law. The IJ also found Lukombo's testimony about his family's departure from Angola to be implausible. Despite the government's alleged interest in Lukombo and his family, including taking their passports, Lukombo was able to obtain new passports and visas for his family and depart Angola without difficulty. The IJ further noted that Lukombo and Kiala failed to provide any corroborative evidence of their habitation in the Democratic Republic of Congo.

The Lukombo family generally argues that the IJ found inconsistencies where there were none, rejected corroborative evidence for speculative reasons, and failed to make specific and cogent findings based on the record. As discussed above, the IJ identified specific discrepancies that were supported by the record. Substantial evidence supports the adverse credibility determination, which is fatal to the Lukombo family's claims for asylum, withholding of removal, and CAT protection. *See Slyusar v. Holder*, 740 F.3d 1068, 1072 (6th Cir. 2014); *Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009).

The Lukombo family's due process arguments are without merit. "Fifth Amendment guarantees of due process extend to aliens in [removal] proceedings, entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). The Lukombo family asserts, without any evidence, that the IJ was biased. After warning the Lukombo family about implausibilities and inconsistencies in their case, the IJ twice continued the merits hearing to allow them to present more evidence. Their case has been before the BIA three times. Under

these circumstances, the Lukombo family has failed to show that "the proceeding was so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005) (quoting *Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000)).

For these reasons, we **DENY** the petition for review.