NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0532n.06

No. 18-4169

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ROSHNI ISHVARBHAI PATEL,              )
                                      )       **FILED**
        Petitioner,                   )       Oct 17, 2019
                                      )       DEBORAH S. HUNT, Clerk
v.                                    )       ON PETITION FOR REVIEW
                                      )       FROM THE UNITED STATES
                                      )       BOARD OF IMMIGRATION
WILLIAM P. BARR, Attorney General,    )       APPEALS
                                      )
        Respondent.                   )
                                      )

BEFORE: BOGGS, BATCHELDER, and DONALD, Circuit Judges.

PER CURIAM. Roshni Ishvarbhai Patel petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying her motions to reopen her removal proceedings sua sponte and to reconsider the denial of her prior motion to reopen. As set forth below, we **DENY** in part and **DISMISS** in part Patel's petition for review.

Patel, a native and citizen of India, entered the United States without inspection in August 2003 and was apprehended soon thereafter. Upon her apprehension, the Department of Homeland Security ("DHS") personally served Patel with a notice to appear in removal proceedings, charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled and ordering her to appear before an immigration judge in Detroit, Michigan, at a date and time "to be set." Patel later filed a change-of-address form with the immigration court. On June 30, 2004, the immigration court mailed a notice of hearing to Patel's updated address, informing her that a hearing had been scheduled for 9:00 a.m. on August

24, 2004, at the specified address of the immigration court in Detroit, Michigan. When Patel failed to appear for that hearing, the immigration judge ordered her removal to India.

Nearly nine years later, Patel filed a motion to reopen her removal proceedings and rescind the *in absentia* removal order, asserting that she did not receive notice of the hearing. The immigration judge denied Patel's motion. On appeal, the BIA agreed with the immigration judge that Patel had failed to present sufficient evidence to rebut the presumption of delivery that attaches to a hearing notice sent by regular mail.

Almost four years after the BIA dismissed her appeal, Patel moved the BIA to reopen her removal proceedings sua sponte and remand the proceedings to the immigration court to allow her to file an application for a provisional unlawful-presence waiver. While Patel's motion to reopen was pending, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), holding that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under [8 U.S.C.] section 1229(a)' and therefore does not trigger the stop-time rule" ending the noncitizen's period of continuous physical presence in the United States for purposes of cancellation of removal. In light of *Pereira*, Patel filed a supplemental brief in support of her motion to reopen and a motion to reconsider the denial of her prior motion to reopen, asserting that jurisdiction never vested with the immigration court because the notice to appear served on her did not specify the date, time, and place of her removal proceedings.

The BIA denied Patel's motions to reopen and to reconsider. Following *Pereira*, the BIA held that "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of [§ 1229(a)], so long as a notice of hearing specifying this information is later sent to the alien." *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (B.I.A. 2018). Relying on

*Matter of Bermudez-Cota*, the BIA concluded that, because Patel was properly served with a notice of hearing specifying the time, date, and place of the removal hearing, the notice to appear served on her vested the immigration court with jurisdiction over her removal proceedings and sua sponte reopening or reconsideration based on *Pereira* was therefore unwarranted. As for Patel's motion to reopen her removal proceedings sua sponte to allow her to apply for a provisional unlawful-presence waiver, the BIA was "not persuaded that the feared consequences of [her] removal warrant the exercise of [its] sua sponte authority." This timely petition for review followed.

Patel asserts that the BIA erred in applying *Matter of Bermudez-Cota*, which she argues is based on an erroneous and unreasonable interpretation of the statute and the regulations. This court has already addressed the BIA's decision in *Matter of Bermudez-Cota*. After examining the relevant statutory and regulatory text and the Supreme Court's decision in *Pereira*, we agreed with the BIA's interpretation, concluding that "jurisdiction vests with the immigration court where, as here, the mandatory information about the time of the hearing is provided in a Notice of Hearing issued after the [Notice to Appear]." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 313-15 (6th Cir. 2018) (citation omitted); *see Santos-Santos v. Barr*, 917 F.3d 486, 489-91 (6th Cir. 2019). This panel is bound by the court's prior published decisions. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

Acknowledging our decisions in *Hernandez-Perez* and *Santos-Santos*, Patel contends that she makes a new argument that was not addressed in those cases. Patel argues that 8 U.S.C. § 1229(a) does not allow the immigration courts to set the initial time and date of a hearing, only to change the time and date after an initial time and date are provided in a notice to appear, and that, to the extent that the regulations allow the immigration courts to set the initial time and date of a hearing, they are "ultra vires to the statute." But § 1229(a) does not make such a distinction about who is authorized to set the initial time and date of a hearing and who is authorized to change

that time and date.  The division of the roles played by the DHS and the immigration courts in scheduling cases is instead set forth in the regulations.  *See* 8 C.F.R. § 1003.18.

In essence, Patel maintains that "the statutory definition of a 'notice to appear' under § 1229(a) must control over the regulation where they conflict." (Pet'r's Br. 17).  In *Santos-Santos*, this court recognized that "the 'Notice to Appear' in 8 C.F.R. §§ 1003.13-14 is different from the 'Notice to Appear' in 8 U.S.C. § 1229(a)(1)" and that, "[a]lthough the contents of the two documents might be different, this does not mean that the regulation contradicts the statute." 917 F.3d at 490 n.4.  This court concluded that the agency's "regulations are consistent with the statute." *Id*.  Since this court already considered and rejected Patel's *ultra vires* argument, we need not revisit the issue.

Patel argues that the BIA erred in failing to address her arguments that the thirty-day deadline for filing a motion to reconsider should be equitably tolled and that she had shown exceptional circumstances for her late filing based on the change in law in *Pereira*.  But the BIA denied Patel's *Pereira*-based claims on the merits, not on the basis that her motion to reconsider was untimely.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Patel continues to argue that she never received the notice of hearing.  In dismissing Patel's appeal from the denial of her first motion to reopen, the BIA agreed with the immigration judge that she had not overcome the presumption of delivery of the notice of hearing.  Patel did not seek judicial review of the BIA's order within thirty days of its issuance; therefore, we lack jurisdiction to consider her challenge to the BIA's prior determination.  *See Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004).

We also lack jurisdiction to review the BIA's denial of Patel's motion to reopen her removal proceedings sua sponte. This court has "held that '[t]he decision whether to invoke *sua sponte* authority [under 8 C.F.R. § 1003.2(a)] is committed to the unfettered discretion of the BIA' and therefore is not subject to judicial review." *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Harchenko v. INS*, 379 F.3d 405, 410-11 (6th Cir. 2004)). Patel argues that this holding should be revisited in light of the Supreme Court's reasoning in *Kucana v. Holder*, 558 U.S. 233 (2010), but that case "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte.*" *Id.* at 251 n.18. Accordingly, this court already considered and rejected Patel's argument and continues to apply the jurisdictional bar post-*Kucana*. *See Rais v. Holder*, 768 F.3d 453, 460-64 (6th Cir. 2014).

For these reasons, and in accordance with the request of the United States, we **DENY** in part and **DISMISS** in part Patel's petition for review.